## 43183. REYNOLDS et al. v. SERVICE LOAN & FINANCE COMPANY.

ARGUED NOVEMBER 6, 1967—DECIDED NOVEMBER 30, 1967.

*Shi & Raley, F. Robert Raley,* for appellants.

*George E. Saliba,* for appellee.

FELTON, Chief Judge. All the evidence before the court on the motion for summary judgment indicates that the loan in question, rather than having been made under the provisions of the Georgia Industrial Loan Act (Ga. L. 1955, p. 431; *Code Ann. Ch.* 25-3), was made subject to the provisions of Ga. L. 1961, p. 300 (*Code Ann.* § 57-118), which is as follows: "Notwithstanding any contrary provision of law, any foreign or domestic corporation organized for pecuniary gain may in writing agree to pay such rate of interest as such corporation may determine on any loan under which the principal balance to be repaid shall originally exceed the sum of $2,500 or on any series of advances of money pursuant to a loan agreement or undertaking if the principal balance to be repaid thereunder shall originally exceed the sum of $2,500 or on any series of advances of money pursuant to a loan agreement or undertaking if the principal balance to be repaid thereunder shall originally exceed the sum of $2,500 or on any extension or renewal thereof, and as to any such transaction the claim or defense of usury by such corporation or its successor or anyone in its behalf is prohibited: Provided, however, that nothing contained in this section shall apply to any loan to a public, charitable, religious, or other nonprofit corporation." The note itself, which was executed solely by the defendant in fi. fa. corporation, Southeastern Distributors of Georgia, Inc., as well as the bill of sale to secure the indebtedness and the contract of guaranty all name the aforesaid corporation as the principal debtor. The affidavit of appellee's president states in part as follows: "Deponent further says that the loan of money made by Service Loan & Finance Co. to said Southeastern Distributors of Georgia, Inc., as evidenced

by said note, is not one governed by nor subject to the Georgia Industrial Loan Act [supra]. . . . Said loan was made under and pursuant to *Ga. Code.* § 57-118." Appellant Lacy Reynolds' affidavit stated in part as follows: "In an effort to ease the financial position of the corporation I approached the Service Loan and Finance Company about *making the corporation a new loan. . . All of the proceeds of the loan went to Southeastern Distributors of Georgia, Inc.* or were paid to satisfy outstanding obligations of Southeastern Distributors of Georgia, Inc., one of which was an obligation to Service Loan and Finance Company." (Emphasis supplied.)

The bill of sale to secure debt names Lacy and Faye Reynolds individually as guarantors, as does the guaranty contract. The latter provides that they "guarantee . . . the payment of said note." " 'Payment guaranteed' *or equivalent words* added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor *without resort by the holder to any other party."* (Emphasis supplied.) Ga. L. 1962, pp. 156, 263 (*Code Ann.* § 109A-3—416 (1)). The Reynoldses, then, were guarantors of the corporation's debt, incurred under the provisions of *Code Ann.* § 57-118, and, as such, became primarily liable for the debt along with the corporation. The statute creates no exception in the case of a corporate indebtedness which is guaranteed by individuals and contains no exceptions as to lenders. On the contrary, Section 2 of Ga. L. 1961, p. 300 provides that the statute "shall apply to *all loan transactions* . . . entered into after the passage and approval [approved on March 30, 1961] of this Act." (Emphasis supplied.)

Furthermore, the record shows that the debtor corporation was chartered and actually doing business for more than two years prior to the December 31, 1965, making of the loan, which eliminates any issue as to the possibility that the corporation was incorporated as a subterfuge especially for the purpose of securing a loan to it as a device on the part of its officers and the guarantors to make an unauthorized loan to the individual guarantors.

The appellants can not assert the defense of usury, which

is barred by the statute to the corporation, on the theory that such bar does not extend to them, as mere guarantors. See 24 AmJur 901, Guaranty, § 41, n. 9; 63 ALR2d 950, and cases cited therein. Since the loan was not subject to the limitation of amount of the Industrial Loan Act and the defense of usury was not available to the appellant guarantors, there was no rebuttal of the prima facie right of the plaintiff in fi. fa. to foreclose the bill of sale to secure the indebtedness evidenced by the note, and the court did not err in its judgment granting a summary judgment in favor of the appellee.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*