### 44498. FINE v. HAAS et al.

JORDAN, Presiding Judge. This is an action by a partnership to recover the alleged balance due for legal services furnished pursuant to an agreement. The jury found for the plaintiffs, and the defendant appeals from the adverse judgment and the overruling of her motion for a new trial. *Held:*

1. Under the evidence favorable to the plaintiffs it appears that the defendant solicited the services of a member of the partnership to represent her adult son, who was under indictment in a federal district court, and this attorney agreed to provide his services and the services of an associate for a retainer of $500 to be credited toward the total fee which would be based on hourly and per diem charges at fixed rates, plus certain expenses, all of which this attorney made known to the defendant. The defendant paid the retainer, and the partnership provided representation for her son until a mistrial resulted, when the services were terminated. The plaintiff refused to pay the remaining balance of $2,043.82, which, except for minor incidental expenses, represents charges for legal services on an hourly and per diem basis. The contention of the defendant that the contract is unenforceable because of the absence of any consideration flowing to the defendant is wholly without merit. She promised to pay for legal services to be furnished another person, and the defendants furnished these services. As the promisor she is liable for the balance due pursuant to the agreement. "A contract may be supported by adequate consideration as against a promisor under it who never receives any part of the consideration. This is hornbook law—the most elementary." *Ashburn v. Watson*, 8 Ga. App. 566, 569 (70 SE 19). See *Code* §§ 20-302, 20-304, 20-306; *Porter Fertilizer Co. v. Brewer*, 36 Ga. App. 329 (4) (136 SE 477); *Stafford v. Birch*, 189 Ga. 405 (1) (5 SE2d 744). The evidence clearly supports the verdict and judgment for the amount sought by the defendants.

2. The remaining contentions of the defendant, as argued and insisted upon, are without merit.

> *Judgment affirmed. Hall and Whitman, JJ., concur.*

ARGUED JUNE 4, 1969—DECIDED OCTOBER 21, 1969.

*Siegel & Grude, Bennet Grude,* for appellant.
*Maley & Crowe, James E. Maley,* for appellees.