45495.   CROSBY v. JORDAN.

WHITMAN, Judge. This action was brought on a simple promissory note providing: "Ninety days after date [June 16, 1967] I promise to pay T. G. Jordan, or order Seven Thousand and 00/100 Dollars for value received, payable at Macon, Ga. with interest from date at the rate of 7½ per cent. per annum with all cost of collection, including fifteen per cent. attorney's fees. . . S/ Abe Crosby, Jr."

The complaint of the plaintiff-payee, Jordan, against the defendant-maker, Crosby, alleged that the amount of the note and interest was due and unpaid; that defendant had been notified of plaintiff's intention, unless the indebtedness was paid in 10 days, to enforce the provisions of the note relative to attorney's fees; but that the defendant had failed and refused to pay same.

The defendant admitted execution of the promissory note, but denied any indebtedness. By cross action it was alleged that the plaintiff had breached a joint venture agreement for the conversion of a school into an operation nursing home; further, that the plaintiff had by way of a pre-incorporation agreement agreed to invest $10,000 in a corporation to be known as Geor-

gia Medical Home, Inc.; that the refusal of plaintiff to comply with his agreements had damaged the defendant in the amount of $50,000; and that the promissory note was given merely to establish the fact that plaintiff had invested $7,000 in the project and was not intended to create any personal indebtedness by the defendant to the plaintiff, rather it merely evidences plaintiff's right to share in a percentage of the profits from said venture along with other investors.

The plaintiff moved for a summary judgment and offered an affidavit in support thereof which referred to two attached exhibits, to wit: (1) The subject note, and (2) a canceled personal check drawn by Jordan payable to the order of "Joe Hamilton and Abe Crosby" in the amount of $7,000, dated June 16, 1967, and which was marked "Paid" by the drawee bank. The defendant opposed plaintiff's motion and moved for a summary judgment in his own behalf based on (1) plaintiff's interrogatories and the answers thereto, (2) the deposition of Joe Hamilton, and (3) defendant's answer and cross action.

The trial court granted the plaintiff's motion and denied defendant's motion. The defendant appeals therefrom insofar as and to the extent that the order of the trial court granted the plaintiff's motion for summary judgment, with the following single and only enumeration of error: "The appellant contends that the granting of the appellee's motion for summary judgment was error in the trial of this case, as follows: Appellee's motion for summary judgment should have been allowed so that appellant could introduce into evidence matters which would explain or modify the terms of the instrument upon which appellee seeks to recover." The word "not" was evidently inadvertently omitted by appellant from his enumeration of error after the word "should" and before the word "have"; otherwise the enumeration of error is obviously without foundation and meaningless as an enumeration of error.

There was no appeal or cross appeal by appellant from the denial of his motion for summary judgment; in fact, there is nothing in the record showing any certification by the trial court that its order denying appellant's motion for summary judgment was subject to review by direct appeal. *Held:*

1. The defendant-appellant, in connection with the above enumeration of error, argues in his brief that: "The court's refusal to allow [defendant] to show by other transactions between the parties, that the terms of the note upon which this action is based were modified by other matters is contended to be specific error."

We find no place in the record where any evidence offered by the defendant was not allowed or was refused consideration as the defendant seems to contend. The defendant relies now upon the same evidence which he offered and which was considered below. The question is whether the trial court ruled correctly on the motion for summary judgment, having regard to the evidence which was presented.

2. With the admission by the defendant of his execution of the note to the plaintiff, the plaintiff had a prima facie right to the judgment sought and the defendant then had the burden of establishing any claimed defense to the action. *Code Ann.* § 109A-3—307 (2, 3).

As between the immediate parties to a note, it may be shown that its terms were modified or affected by other written agreement executed as a part of the same transaction. *Code Ann.* § 109A-3—119. The defendant offered no such written agreements. The contention that the check given by the plaintiff in exchange for the note was a simultaneous written agreement showing that the note was not intended to speak the whole contract, by virtue of the fact that it was made payable to defendant and another who was not mentioned in the note, is without merit. The check is no more than what it purports to be, i.e., a direction to the drawee bank. The fact that the proceeds of an unconditional promissory note go to one other than the maker is not a defense to the note, nor does it open up the note to the introduction of parol evidence. *Ashburn Bank v. Childress,* 120 Ga. App. 632 (171 SE2d 768).

There was no error in the lower court's ruling for the reason enumerated and argued by the appellant.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
ARGUED SEPTEMBER 8, 1970—DECIDED DECEMBER 4, 1970.

*Harry F. Thompson,* for appellant.
*Harris, Rolader & Simmons, Robert B. Harris, Sell, Comer & Popper, Joseph W. Popper, Jr.,* for appellee.