45951. GENERAL TIRE & RUBBER COMPANY v. SOLOMON.

Bell, Chief Judge. The plaintiff as payee sued to recover upon two notes. Motions for summary judgment were made by both parties. The defendant's motion was granted and the plaintiff's was denied. The denial was certified for direct appeal. *Held:*

1. In his answer to the complaint the defendant pleaded failure of consideration. The two notes involved, which are attached to the complaint, contain the words "We promise to pay" and were purportedly executed by "Barclay Furniture Manufacturing Co., Inc.," by its president, Abraham Solomon, and also by the defendant Abraham Solomon in his individual capacity. In the defendant's affidavit and his answers to interrogatories he admitted: the execution of the notes; that at the time of execution, the face amount of the notes was owed to the plaintiff by the Barclay Furniture Manufacturing Co. for goods and merchandise purchased, which debt was past due; that he did not owe the plaintiff any money when he executed the notes and that nothing of value and no consideration passed to him; and that he signed the promissory note only because the plaintiff wanted him to.

Uniform Commercial Code § 3-408 (*Code Ann.* § 109A-3—408) provides in part: "Want or failure of consideration is a defense as against any person not having the rights of a holder in due course . . . except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." It is our view that the evidence that the face amount of the notes at the time of execution was due plaintiff by the other party to the notes, which debt was past due, establishes beyond dispute that these notes were given in payment of an antecedent obligation. Applying the quoted U. C. C. rule on consideration to these

facts, it is to be seen that the defense of failure of considera-
tion is not available to defendant. As this defense is the only
one shown by the record, it was error to grant the defendant's
motion. It was also error to deny the plaintiff's motion. The
defendant has admitted signing the notes. There is an absence
of any genuine issue of material fact in the record to support a
defense. The plaintiff has made out a case as a matter of law
insofar as the face amount of the notes and specified interest
are concerned. U.C.C. § 3-307 (2); (*Code Ann.* § 109A-3—307);
*Newby v. Armour Agricultural Chemical Co.,* 119 Ga. App. 650
(2) (168 SE2d 652).

2. We reverse with direction that judgment be entered for plaintiff
for the amount of the notes plus interest only. There remains
an issue of fact on the question of attorneys' fees which plain-
tiff seeks in its complaint under *Code Ann.* § 20-506.

*Judgments reversed with direction. Pannell and Deen, JJ., concur.*

ARGUED FEBRUARY 1, 1971—DECIDED JUNE 17, 1971—
REHEARING DENIED JULY 21, 1971—

*Harris, Rolader & Simmons, Nancy Pat Phillips,* for appellant.
*Martin H. Rubin,* for appellee.