46528. WATERMAN et al. v. HOWARD PAPER COMPANY.

DEEN, Judge. Plaintiff appellee sued to recover upon three notes. Judgment was rendered against defendant appellants and they bring this appeal from the order denying their motion for new trial. *Held:*

1. The main contention of defendants is that there was a failure of consideration. The evidence authorizes a finding of the execution of the notes and endorsement by defendants; that at the time of execution, the face amount of the notes was owed to

the plaintiff by Peach State Industries, Inc., for goods and merchandise purchased, which debt was past due; that they did not owe plaintiff any money when they endorsed the notes and that nothing of value and no consideration passed to them (although Waterman testified that "I was to have an interest in the company, when I put it on a salvagable basis"); and that they endorsed the promissory notes only because the plaintiff wanted them to. This point is controlled by the recent case of *General Tire &c. Co. v. Solomon,* 124 Ga. App. 308, holding in a similar situation that the defense of failure of consideration is not available to defendants and citing in part Uniform Commercial Code § 3-408 (*Code Ann.* § 109A-3—408) "want or failure of consideration is a defense as against any person not having the rights of a holder in due course . . . except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." This defense is not available to defendants. *Fine v. Haas,* 120 Ga. App. 524 (171 SE2d 372).

2. Appellants contend that the three notes bearing interest at 12% per annum are usurious. The notes were executed by Robert Waterman, President of Peach State Industries, Inc., and endorsed individually by appellants. *Code Ann.* § 57-118 provides that a corporation organized for gain may pay such rate of interest as *such corporation may determine.* The case of *Reynolds v. Service Loan &c. Co.,* 116 Ga. App. 740 (158 SE2d 309), involved a situation where the proceeds of a loan or undertaking were paid to satisfy outstanding obligations of the corporation, holding: "The appellants cannot assert the defense of usury, which is barred by the statute to the corporation, on the theory that such bar does not extend to them, as mere guarantors." We believe the bar also applies to defendants as endorsers, and so hold.

The trial court did not err in denying defendants' motion for new trial.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*
SUBMITTED SEPTEMBER 8, 1971—DECIDED OCTOBER 1, 1971.

*Charles D. Wheeler,* for appellant.
*Maley & Crowe, Wayne C. Crowe,* for appellee.