## 46792. BEETS v. PADGETT.

EVANS, Judge. Padgett, as a real estate salesman, sued Beets, his employer and broker, seeking to recover a real estate commission earned by him during his employment. Beets answered, denying any indebtedness, and when the case was tried a verdict was rendered in favor of plaintiff. The case came to this court (see *Beets v. Padgett,* 123 Ga. App. 68 (179 SE2d 560)), and this court reversed the trial court because Padgett had failed to prove he was a duly licensed real estate salesman in the trial court. On the return of the remittitur the case was again tried, resulting in a verdict and judgment for the plaintiff.

Motion for new trial as amended was filed, heard and overruled. The appeal is from the order and judgment entered denying the motion for new trial as amended. Error is enumerated thereon, and as to the admission in evidence of the certificate of the joint secretary of the Georgia State Examining Boards. Error is also enumerated on failure to grant the motion for new trial because the plaintiff had not paid intangible taxes on the indebtedness claimed against the defendant. *Held:*

1. Examination of the record and transcript on the former appearance of this case shows that the jury heard sub-

stantially the same facts concerning the complaint therein. The law of this case has been established by this court's ruling in Division 2 of *Beets v. Padgett,* 123 Ga. App. 68, supra, that the evidence was sufficient to support the verdict. The general grounds of the motion for new trial are therefore without merit.

2. The sole ground of complaint as to the admission in evidence of the certificate of C. L. Clifton, Joint Secretary of the State Examining Boards, was that it contained facts denying the defendant a thorough and sifting cross examination as to the material contained therein. We know of no law, and none is cited, which allows the right of cross examination as to the material contained in a document which is admitted under a proper certificate of the officer having official custody thereof. See *Code* §§ 38-601 and 38-602. No other attack was made and brought to this court as to the admission of this document. The real estate license of plaintiff, showing him to be a duly licensed real estate salesman, was admitted in evidence, as well as testimony of both plaintiff and defendant, showing plaintiff to be such duly licensed real estate salesman. While the defendant did object in the lower court to the admission in evidence of the license, he does not complain in this court of that ruling. Hence, there is no error in the admission in evidence of the certified copy of the record of the Secretary of State showing plaintiff to be a duly licensed real estate salesman.

3. In the third enumeration of error defendant contends that he showed clearly that the plaintiff failed to pay intangible taxes for a number of years on the debt on which he sought a judgment and no return was made thereon, and that for this reason the motion for new trial should have been granted. The debt, salary or commission which the plaintiff sought to recover in this action is a chose in action, not reduced to possession. Whether or not it amounts to intangible property, subject to taxation by this State, this defense was not pleaded affirmatively as a defense to this action (§ 4, Intangible Tax Act, Ga.

L. 1937-38, Ex. Sess., pp. 156, 161; *Code Ann.* § 92-125; § 8 CPA, *Code Ann.* § 81A-108). If defendant had pleaded such failure to return and pay intangible tax, plaintiff would have been allowed to pay such tax, with 25% penalty, and thus avoid dismissal of his suit. Since it was not pleaded as a complete defense the court. did not err in denying the motion for new trial as amended.

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*

Argued January 3; 1972—Decided January 26, 1972—Rehearing denied February 23, 1972—▮▮▮▮▮▮

*Doyle C. Brown,* for appellant.
*S. M. Landress,* for appellee.