46845. FREEZAMATIC CORPORATION et al. v.
BRIGADIER INDUSTRIES CORPORATION.

ARGUED JANUARY 6, 1972—DECIDED FEBRUARY 29, 1972—
REHEARING DENIED MARCH 22, 1972—

*Johnston & McCarter, Ralph E. Carlisle,* for appellants.
*Hansell, Post, Brandon & Dorsey, Charles E. Watkins,
Jr., W. Lyman Dillon,* for appellee.

JORDAN, Presiding Judge. This is an action on two promissory notes against the maker and the endorsers. The defendant's answer admitted execution of the notes but denied the indebtedness because the notes were "part of a series of actions dealing with stock of the two companies, stock options and other matters."

Such a pleading is not a defense to this action. *Code Ann.* § 109A-3—307 (2) clearly states, "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a

defense." *Code Ann.* § 81A-108 (c) states that "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver." In *Crosby v. Jordan,* 123 Ga. App. 83 (2) (179 SE2d 537), we said, "With the admission by the defendant of his execution of the note to the plaintiff, the plaintiff had a prima facie right to the judgment sought and the defendant then had the burden of establishing any claimed defense to the action. *Code Ann.* § 109A-3—307 (2, 3). As between the immediate parties to a note, it may be shown that its terms were modified or affected by other written agreement executed as a part of the same transaction. *Code Ann.* § 109A-3—119. The defendant offered no such written agreements."

Under the statutory and case law cited above and the facts existing here, the defendants were required to plead and establish an affirmative defense to the notes admittedly executed. This they failed to do, and the plaintiff was entitled to a judgment on the pleadings at this stage.

The dissenting opinion puts the burden of establishing the defendant's defense on the plaintiff. The law places that burden on the defendant. The rules relied on in the dissenting opinion, i.e., construing an answer most favorably to the defendant as against a motion to dismiss for failure to state a claim, come into play in this situation only after the defendant has met his burden of setting up or pleading an affirmative defense.

Cases such as *Kramer v. Johnson,* 121 Ga. App. 848 (176 SE2d 108), relied on by the appellant, where the defense "raised the issue of signature" are not applicable here. No issue of execution or signatures is raised by the defendants' answer but indeed the signatures are admitted.

The trial court was correct in granting plaintiff's motion.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt,*

*Quillian, Evans and Clark, JJ., concur. Pannell and Deen, JJ., dissent.*

DEEN, Judge, dissenting. The majority opinion treats this case as though evidence had been introduced, which is not the fact. The statement in *Code Ann.* § 109A-3—307 (2, 3) that admission of the execution of the note establishes a prima facie case with the burden on the defendant "of *establishing* any defense" refers to what is to be done at the trial stage, not the pleading stage. *Crosby v. Jordan,* 123 Ga. App. 83 (179 SE2d 537), is not relevant because that was a motion for summary judgment with evidence in the form of affidavits. *Code Ann.* § 81A-108 (c) is not relevant because (a) it does not require more than that certain defenses "be set forth affirmatively," without indicating what degree of specificity is involved and without requiring a showing as to the evidence to be used on the trial, and (b) this Code section is limited to certain named defenses, of which that involved here is not one. "Cases should generally be tried on proofs rather than on pleadings." *Travelers Ins. Co. v. Johnson,* 118 Ga. App. 616 (2) (164 SE2d 926).

As between parties to commercial paper, the terms of the instrument may be modified or affected by any other written agreement executed as a part of the same transaction. *Code Ann.* § 109A-3—119. These defendants answer positively that they are not indebted because the notes sued on constituted only a "part of a series of actions dealing with stock of the two companies." The answer thus gives notice that the defendants deny indebtedness based on the overall effect of the transaction of which the execution of the notes was a part. It fails to allege that this transaction was in writing, and would, under our former pleading rules, have been subject to special demurrer for that reason, but under notice pleading (where motions for more definite statement, interrogatories, depositions, and pre-trial orders are all at hand to surface the true issues and establish the legal validity or otherwise of the proposed defense) and construed as it should be in favor of the defendant opposing judgment

on the pleadings, and absent any information whatever which would lead to the conclusion that the obligation of the instrument was *not* modified by the overall transaction as alleged, I do not think judgment should be granted on the pleadings alone.

I am authorized to state that Judge Pannell concurs in this dissent.