48283, 48319. MERCANTILE NATIONAL BANK v. BERGER et al.; and vice versa.

EVANS, Judge. Mercantile National Bank sued Sidney C. Berger and Robert E. Britt for the balance due on two promissory notes. One note was for $120,000, executed by Birdseye Industries, Inc., Berger and Britt. Defendants also executed a guarantee of payment of the obligation of Birdseye. Berger and Britt, as individuals, executed the other promissory note in favor of plaintiff for $5,000. The notes are now in default, Birdseye is bankrupt, and plaintiff seeks judgment thereon, including interest and attorney fees after filing suit. Plaintiff amended and filed a third claim against the defendants for funds expended in the collection of certain Birdseye accounts receivable which arose out of a petition for reclamation in the bankruptcy court as to the said accounts receivable as security.

The defendants answered, denied liability and asserted affirmative defenses. Defendants admit that Birdseye and plaintiff entered into an accounts receivable loan agreement which included a promissory note in the amount of $120,000, signed by Britt and Berger, individually and as officers of Birdseye. They also admit the guarantee was executed by both Britt and Berger. But while the execution of the documents is admitted, the indebtedness is not admitted. Defendants also contend that they were mere accommodation endorsers; that the loan agreement was limited to 75% advances of the outstanding accounts receivable; that the bank, without notice to defendants, advanced almost 88.5% of the advances contrary to terms of the contract.

As to the $5,000 note, Britt and Berger signed as comakers, and

later the note was renewed. This money was paid to another corporation by Britt.

In substance, the defenses of Berger and Britt are that the indebtedness was not theirs, but was created by the Birdseye corporation, now bankrupt; that they were mere accommodation endorsers, and as such are entitled to the protection of the law as to accommodation endorsers and guarantors; that plaintiff over-extended the loan without notice to them contrary to the contract; that plaintiff failed to subject to the indebtedness the collateral security named in the written obligation; and allowed others to collect the money arising from said collateral security; that the risk and hazard to Britt and Berger, defendants, was increased; and all of which operates as a release as to them, as they were merely accommodation endorsers and guarantors; and they are not indebted to plaintiff in any sum. They demand an accounting as to all advances, and as to interest charged which they contend was usurious.

Requests for admissions, interrogatories and other discovery were filed, and after discovery, plaintiff moved for a summary judgment. Defendants, likewise, moved for summary judgment, in separate motions. After a hearing, the court denied the motions of the plaintiff and defendants. Plaintiff appeals in Case No. 48283; and defendant Berger appeals in Case No. 48316. *Held:*

1. One defense urged by the two defendants is that the bank advanced more than 75% of the total accounts receivable, in violation of the loan and security agreement, to the detriment and hurt of said defendant-guarantors and accommodation endorsers. But the defendants did not sign said loan and security agreement and were not parties to same. The note evidencing the indebtedness was payable to the bank (plaintiff) and was signed by the Birdseye corporation (which later became bankrupt), and the signatures of the two defendants appear on said note as comakers. The loan and security agreement was a separate paper to which defendants did not become parties, and therefore, they have no standing to complain that said separate paper (agreement) was violated by plaintiff.

2. Defendants urge that the transaction was infected with such charges as to amount to usury. Under Code Ann. § 57-118 (Ga. L. 1961, p. 300), a corporation organized for corporate gain may agree to pay such interest rate as it is willing to pay on any loan in excess of $2,500; and the defense of usury is not available as

to such a transaction. The statute creates no exceptions in the case of a corporate indebtedness guaranteed by individuals. *Reynolds v. Service Loan &c. Co.,* 116 Ga. App. 740, 742 (158 SE2d 309). Further, under Code Ann. § 57-119 (Ga. L. 1969, pp. 80, 81), the amount of the note being greater than $100,000, neither a corporation nor an individual may plead usury as a defense thereto. In this case the amount of the note was $120,000, which brings same within the purview of the above statute, even though evidence in this case indicates that slightly less than $100,000 was actually loaned.

3. The defendants admitted execution of the $5,000 note, and the plaintiff has a prima facie right to a judgment thereon unless defendants can show to the contrary by the establishment of an affirmative defense. Code Ann. § 109A-3—307 (2) (Ga. L. 1962, pp. 156, 256); *Freezamatic Corp. v. Brigadier Industries Corp.,* 125 Ga. App. 767 (189 SE2d 108). Here the note was renewed, hence a defense of failure of consideration is not available. *General Tire &c. Co. v. Solomon,* 124 Ga. App. 308 (1) (183 SE2d 573); *Waterman v. Howard Paper Co.,* 124 Ga. App. 511 (1) (184 SE2d 226). Defendant Berger contended there was no consideration because his comaker, Britt, received all of the $5,000, and that he, Berger, did not receive any of the $5,000. But where two parties execute a note as comaker, one of such comakers is not allowed to plead failure of consideration because he did not receive the money named on the face of the note. If either of them received the money, both are bound. Further, both comakers renewed the note, and this binds each of them. See *General Tire &c. Co. v. Solomon,* supra; and also *Waterman v. Howard Paper Co.,* supra.

5. Code Ann. § 20-506 (Ga. L. 1946, pp. 761, 766; 1953, pp. 545, 546; 1957, p. 264) authorizes recovery of attorney fees upon compliance with the requirements of said statute. The $5,000 note provided for payment of 15% attorney fees. As plaintiff is entitled to a summary judgment as to the $5,000 note, he is also entitled to a judgment for attorney fees thereon.

6. But as to the $120,000 note, the evidence shows that the bank still holds accounts receivable, which, if collected, will exceed the indebtedness of the bankrupt to the bank. It was not proven that these accounts receivable are not collectible. It should also be noted that the affidavit offered by plaintiff in support of motion for summary judgment shows that it was executed by an officer who had no personal knowledge of many of the matters set forth therein, and as to such matters not within her personal

knowledge, must be disregarded. *Chandler v. Gately,* 119 Ga. App. 513 (1) (167 SE2d 697). Therefore, the plaintiff was not entitled to a summary judgment as to the amount sued for as due on the $120,000 note.

7. The trial court is affirmed as to denial of plaintiff's motion for summary judgment on the $120,000 note; and is reversed as to denial of plaintiff's motion for summary judgment on the $5,000 note. Berger is the only defendant to appeal from the denial of his motion for summary judgment, and as to such denial, the trial court is affirmed.

*Judgment reversed in part; affirmed in part as to Case No. 48283; affirmed in Case No. 48319. Hall, P. J., and Clark, J., concur.*

ARGUED JULY 9, 1973 — DECIDED SEPTEMBER 5, 1973 — REHEARING DENIED SEPTEMBER 21, 1973 —

*Haas, Holland, Levison & Gibert, Hugh W. Gibert, Harold D. Corlew,* for appellant.

*Kaler, Keresh & Frankel, Jerry L. Sims, Robert Stokes Neeson,* for appellees.