## 49222. SMITH v. ROTHSTEIN.

Evans, Judge.

Herman B. Rothstein and Mrs. Fannie Rothstein, as lessees of certain property, subleased same to Marion Cerette Smith and Roberta Locker Smith. During the term of the sub-lease, it was agreed by all parties that said sub-lease be terminated. A written release, dated May 21, 1964, was executed by mutual consent, terminating the sub-lease on a fixed date. A promissory note for $2,600, payable at the rate of $100 per month for a period of 26 months, was executed by Marion C. Smith, payable to Mrs. Irene Rothstein, who contends it was a part of the consideration for said release, said note being dated May 28, 1964.

Marion C. Smith failed to pay the note when due,

and Mrs. Rothstein filed suit against him, praying for a recovery of principal, interest, and attorney fees. Defendant answered, admitted jurisdiction and denied the other allegations of complaint, and pleaded a failure of consideration in that the note was executed one week after cancellation of the release; and averred that nothing of value was received as consideration for the note.

After discovery, both parties moved for summary judgment. Plaintiff's motion was granted and defendant's motion was denied. Defendant appeals. *Held:*

1. As between the immediate parties to a note, it is permissible to show that its terms were modified or affected by any other written agreement executed as a part of the same transaction. Code Ann. § 109A-3—119 (Ga. L. 1962, pp. 156, 246); *Crosby v. Jordan,* 123 Ga. App. 83 (2) (179 SE2d 537).

2. Failure or want of consideration is a defense to a note as against any person who does not have the rights of a holder in due course; but "no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." Code Ann. § 109A-3—408 (Ga. L. 1962, pp. 156, 260); *General Tire &c. Co. v. Solomon,* 124 Ga. App. 308 (183 SE2d 573); *Waterman v. Howard Paper Co.,* 124 Ga. App. 511 (1) (184 SE2d 226).

3. There is some conflict in the depositions as to whether all four persons involved in the lease executed the release on May 21st, and as to whether Fannie Rothstein executed the release at a later date. But defendant testified the release was not delivered to him until after he had executed the note in favor of Mrs. Irene Rothstein, because the Rothsteins would lose $100 per month for 26 months if the note had not been executed.

The note constituted consideration for the release other than the mutual consent therein stated, and defendant admits he executed the note in order to obtain the release. The non-payment of the note was fully established by the uncontested evidence. Code Ann. §§ 109A-3—307, 109A-3—408, supra; *Crosby v. Jordan,* 123 Ga. App. 83 (2), supra; *General Tire &c. Co. v. Solomon,* 124 Ga. App. 308 (1, 2), supra.

4. As the evidence demanded a finding in favor of the plaintiff, who was the holder of the note, no ruling is necessary on plaintiff's motion to dismiss. See Code Ann. § 6-802 (Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 495; 1973, pp. 303, 304); Rule 14 (a) (Code Ann. § 24-3614); Code Ann. § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238).

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED APRIL 5, 1974 — DECIDED APRIL 19, 1974.

*Gilbert, Wilkerson & Hill, Fred A. Gilbert,* for appellant.
*Lanier Randall,* for appellee.

