## 49313. FARMER v. PEOPLES AMERICAN BANK.

EVANS, Judge.

In 1970, Color World International, Inc. sought to borrow $178,000 from Peoples American Bank of Atlanta, which is now a part of First Georgia Bank. The borrower lacked sufficient security, and the bank required a number of borrower's stockholders to execute individual guarantees of payment in the amount of $10,000 each. James W. Farmer executed such agreement guaranteeing $10,000 on April 15, 1970. The loan to Color World was executed on April 17, 1970.

Thereafter, Color World suffered financial problems and business reverses. It became overdrawn at the bank,

which required a number of Color World's stockholders to execute personal notes to cover the overdraft. On January 25, 1971, James W. Farmer executed a promissory note in the amount of $5,000 at 8% per annum and due January 22, 1972, payable to the bank to partially cover the overdraft.

Later in 1971, a number of Color World's stockholders, including Farmer, agreed to exchange "at least 51% of the outstanding capital stock" with Recreational Planners, Incorporated (hereafter known as RPI) if it would, among other things, assume and agree to pay an aggregate amount of $188,000 owed the Bank by Color World. RPI then desired to borrow approximately $300,000 from the bank, reduce Color World's indebtedness by $88,000, pay off $95,000 owing other creditors and use the other funds for operating capital. Farmer contends he was responsible in getting the merger of Color World and RPI for his and the bank's benefit in order to get the guarantors released from their $10,000 guarantees, and the bank to be fully protected by the credit standing of RPI. Instead of obtaining a $300,000 loan, RPI borrowed $222,000 from the bank and executed a guaranty of payment on the back of the $178,000 Color World note.

Thereafter, Color World became defunct. Farmer's $5,000 note was not paid when due. Farmer was sued by the bank separately on the $5,000 note and the $10,000 guarantee agreement as to Color World's indebtedness.

Defendant answered both actions, contending no consideration for the $5,000 note and defenses of increased risk to the guarantor and novation as to the $10,000 guarantee agreement.

The two cases were consolidated for trial. Several motions for directed verdict were made by the bank at the trial, and denied on each occasion. Thereafter, the jury returned separate verdicts against Farmer. Judgments followed the verdicts, and motions for new trial, as amended, were filed and denied. Defendant appeals. *Held:*

1. No failure of consideration of the $5,000 note, admittedly executed and overdue by defendant, was shown. It was made to partially satisfy the overdraft of

Color World. No evidence was offered to dispute same. Defendant's contentions that he signed same at the request of the bank to protect it from bank examiners and until another loan could be obtained from the Small Business Administration create no defense. The evidence demanded a judgment for the principal and interest due on this note, including attorney fees. Code Ann. §§ 109A-3—307 (2), 109A-3—408 (Ga. L. 1962, pp. 156, 256, 260); *Freezamatic Corp. v. Brigadier Industries Corp.,* 125 Ga. App. 767 (189 SE2d 108); *General Tire &c. Co. v. Solomon,* 124 Ga. App. 308 (183 SE2d 573); *Waterman v. Howard Paper Co.,* 124 Ga. App. 511 (1) (184 SE2d 226); *Smith v. Rothstein,* 131 Ga. App. 632 (206 SE2d 592).

2. No increase in risk or novation was shown by any of the evidence. RPI executed an undated "guaranty of payment" on the back of Color World's note when it borrowed funds from the bank. This did not in any way modify the original note or defendant's guarantee. See Code §§ 103-101, 103-202.

The bank was not required to make any definite loan to RPI; did not agree to release the guarantors or to release Color World's note, thereby releasing the guarantors. Whatever claim defendant may have as to its transaction with RPI in regard to its transfer of stock whereby RPI agreed to assume and pay off the indebtedness of Color World to the bank has no bearing on the guarantee agreement by and between defendant and the bank. *Williams Thompson Co. v. Williams,* 10 Ga. App. 251 (1) (73 SE 409); *Ferguson v. Atlanta Newspapers, Inc.,* 93 Ga. App. 622 (6) (92 SE2d 321). The loan of funds to RPI and requirement that it guarantee the indebtedness of Color World did not increase the risk or tend to injure defendant in any manner.

Admitting the contentions of the defendant to be true that the bank first agreed to loan RPI $300,000, and if so, Color World's note was to be paid in full, it was not required to do so. The reduced loan and execution of the guarantee instead did not change the risk or liability of defendant. The evidence demanded a verdict and judgment for plaintiff. *Smith v. Goerlich's, Inc.,* 112 Ga. App. 374, 375 (1) (145 SE2d 385).

*Judgment affirmed. Pannell, P. J., and Webb, J.,*

*concur.*

SUBMITTED MAY 9, 1974 — DECIDED SEPTEMBER 5, 1974 —
REHEARING DENIED SEPTEMBER 27, 1974 — 

*Thrasher, Costanzo & Stanford, R. Joseph Costanzo, Jr.,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Mack O. Butler, Ezra H. Cohen, William G. McDaniel,* for appellees.