## 52064. MALONE v. PRICE et al.

STÓLZ, Judge.

Price sued Malone and two others on a promissory note in which he was named as payee and the defendants as payors. One defendant did not contest the action. Defendants Malone and Prickett filed separate defenses.

In response to Malone's interrogatories, the plai•tiff answered that the note in question had been transferred and assigned as follows: "July, 1973, to The Brand Banking Company in Lawrenceville, Georgia. August, 1973, to Maxie Price, Snellville, Georgia. On September 14, 1973, the Note was pledged to William E. Breman, 981 West Wesley Road, N. W., Atlanta, Georgia, as additional collateral for a loan made by William Breman to Plaintiff. On April 25, 1975, William Breman consented to releasing the Note to Maxie Price for purposes of collection." The record contains affidavits from Price and Breman confirming Price's pledge of the note sued upon to Breman. The trial judge granted Price's motion for summary judgment; Malone and Prickett appeal.

1. By definition, when property is pledged possession passes from the pledgor to the pledgee. Legal title remains in the pledgor. The pledgee has a lien on the property for the payment of the debt. Black's Law Dictionary, Revised 4th Ed., p. 1312, "Pledge"; *Campbell v. Redwine Bros.*, 22 Ga. App. 455, 456 (2) (96 SE 347); *Halliday v. Bank of Stewart County*, 112 Ga. 461 (37 SE 721); 68 AmJur2d 883, Secured Transactions, 2. Basic Elements of Pledge, § 54 et seq.

The Uniform Commercial Code specifically recognizes and makes itself applicable to pledges. Code Ann. § 109A-9—102 (2) (Ga. L. 1962, pp. 156, 381).

In their respective answers, each defendant admitted the execution of the note, but denied the debt for various general reasons. Such pleadings are not defenses to this action and no evidence appears which raises any genuine issue of fact as between the parties. " Code Ann. § 109A-3—307 (2) clearly states, 'When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establis'ıes a defense.' Code Ann. § 81A-108 (c) states that 'In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations [sic], and waiver.' In *Crosby v. Jordan,* 123 Ga. App. 83 (2) (179 SE2d 537),

we said, 'With the admission by the defendant of his execution of the note to the plaintiff, the plaintiff had a prima facie right to the judgment sought and the defendant then had the burden of establishing any claimed defense to the action. Code Ann. § 109A-3—307(2, 3).' " *Freezamatic Corp. v. Brigadier Industries,* 125 Ga. App. 767 (189 SE2d 108).

2. There is no issue as to Price's standing to bring this action. Even though he had pledged the note to Breman, he held the legal title thereto. Breman's lien on the note does not preclude Price's right to maintain an action thereon against the payees.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED APRIL 6, 1976 — DECIDED APRIL 29, 1976.

*John E. Dougherty,* for appellant.
*Gershon, Ruden, Pindar & Olim, Max Olim,* for appellees.