## 56052. NELSON v. FULTON COUNTY BANK.

McMURRAY, Judge.

Nelson was the maker and Wright was the guarantor of a note secured by 14 registered Charolais cattle. Alleging that Nelson and Wright failed to pay the indebtedness evidenced by the note in question the payee, plaintiff Fulton County Bank, took possession of 11 head of cattle, selling them and applying the proceeds therefrom to the amount due under the note. Plaintiff then brought this action against Nelson and Wright on the deficiency. Nelson filed his answer and cross claim against Wright. Wright failed to file his answer to either the complaint or cross claim.

On November 23, 1977, the plaintiff filed its motion for judgment on the pleadings. On February 10, 1978, prior to any pre-trial order, Nelson filed his amended answer alleging that he had been damaged by the negligence of plaintiff in that the cattle seized and sold had not been the cattle which had been pledged as security for the promissory note, thereby resulting in a greater deficiency than if the correct cattle had been seized. This amended answer also alleged fraud and deceit on the part of the bank in inducing Nelson to execute the note in question.

On March 15, 1978, the trial court heard plaintiff's motion for judgment on the pleadings and after holding that Nelson's amended answer was untimely filed, ordered the amended answer stricken and granted plaintiff's motion for judgment on the pleadings against both defendants. Nelson appeals. *Held:*

1. Code Ann. § 81A-115 (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694) provides that a party may amend his pleadings as a matter of course and without leave of court at any time before the entry of a pre-trial order. There was no pre-trial order filed in this case prior to Nelson's amendment to his answer; therefore, the trial court erred in striking Nelson's amended answer. See *Sasser & Co. v. Griffin,* 133 Ga. App. 83, 90 (3e) (210 SE2d 34). However, this error was harmless and will not require reversal of the trial court's order as the amended answer raises no additional viable defenses cognizable by a trial court. Nelson's allegations of harm through seizure of the incorrect cattle and the sale of 11 rather than 14 cattle present no defense to plaintiff's action. The plaintiff was under no duty for the collection or protection of any property securing the note. Nelson's allegations as to fraud and deceit fail to meet the requirement of Code Ann. § 81A-109 (b) (Ga. L. 1966, pp. 609, 620) that all averments of fraud. be stated with particularity. *Venable v. Payne,* 138 Ga. App. 237, 238 (2) (225 SE2d 716). Nelson having admitted his signature on the note in question, plaintiff was entitled to recover on the note, upon production, unless Nelson established an affirmative defense. *Mercantile Nat. Bank v. Berger,* 129 Ga. App. 707, 709 (3) (200 SE2d 921); *Freezamatic Corp. v. Brigadier Industries Corp.,* 125 Ga. App. 767 (189 SE2d 108). Nelson's answer, as amended, failed in this burden, and therefore the trial court did not err in granting plaintiff's motion for judgment on the pleadings.

2. Error was determined in Division 1, albeit held to be harmless. Accordingly, we refuse to assess a penalty under Code § 6-1801, as we do not determine "the cause was taken up for delay only." See *Lipton v. Lipton,* 211 Ga. 442 (3), 446 (86 SE2d 299); *Brown v. Rooks,* 139 Ga. App. 770 (1) (229 SE2d 548).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED JUNE 8, 1978 — DECIDED
SEPTEMBER 6, 1978.

*David R. Wininger,* for appellant.
*Richard Allen Gordon, Maurice H. Hilliard, Jr.,* for appellee.