69985. STEWART v. NATIONAL BANK OF GEORGIA.
(332 SE2d 19)

McMURRAY, Presiding Judge.

Defendant John T. Stewart executed three separate guaranty agreements between January 11, 1983, and June 21, 1983. The agreements guaranteed all obligations of Megaplex Networks, Inc. to the plaintiff, the National Bank of Georgia. Each guaranty recited that "The obligations covered by this agreement include all obligations of the Principal to the Bank now existing or hereafter coming into existence or renewals or extensions in whole or in part. . . ." The guaranties further provided the following: "The undersigned agree that the terms, conditions, agreements and stipulations of all notes and other evidences of indebtedness secured hereby, heretofore or hereafter executed, shall be and become a part of this agreement, hereby ratifying, adopting and confirming all such terms, conditions, agreements and stipulations."

Megaplex executed two notes in favor of the bank. One note was for the principal sum of $100,000 and the other note was in the principal amount of $10,000. Each note was renewed on one or two occasions. They provided for the payment of interest at rates described in the documents as "P plus 2" and "P plus 3." Each note further provided the following to give definition to these terms: "If the interest rate stated above is stated in terms of 'Prime,' 'Prime plus a number,' or 'P plus a number' or words or symbols of similar import then the interest rate due hereunder from time to time will be the Prime Rate of The National Bank of Georgia plus certain percentage points equal to the number so stated (if any) and such rate will be adjusted *As prime changes* [handwritten] to reflect changes in such Prime Rate. As used herein, the term 'Prime Rate' means the rate at which The National Bank of Georgia stands ready to make new, unsecured, short-term loans to its most credit-worthy corporate borrowers as established by such bank from time to time."

After Megaplex Networks, Inc. defaulted upon the promissory

notes, plaintiff bank brought this action against defendant Stewart pursuant to the guaranties. Defendant admitted execution of the guaranties but raised various defenses including, inter alia, usury, statute of frauds, and the indefiniteness of the interest rates. Following discovery, plaintiff moved for summary judgment. The trial court granted plaintiff's motion, in part, ruling that defendant was liable for the balance due upon the promissory notes, but that a jury question remained concerning the calculation of interest and that balance. Defendant appealed. *Held*:

1. The reference to the "prime rate" in the promissory notes constituted an interest rate which was definite and ascertainable. It was not a term which was vague and it did not render the interest rate indefinite. *Moore v. Wachovia Mtg. Co.*, 138 Ga. App. 646, 647 (1) (226 SE2d 812). Accord *Associated East Mtg. Co. v. Highland Park*, 374 A2d 1070, 1076 (1).

2. The interest rate set forth in the promissory notes was a term "in writing" sufficient to satisfy the statute of frauds. OCGA § 13-5-30. See generally *Matter of LeBlanc*, 622 F2d 872, 878 (3, 4) (5th Cir. 1980), wherein the court held that an interest rate which is designated with respect to the prime rate is "fixed in writing."

3. The designation of the interest rate in terms of "prime" was "in writing" and thereby complied with the laws of usury. See OCGA § 7-4-2. See also *Matter of LeBlanc*, supra.

4. The remaining enumerations of error are without merit.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MAY 14, 1985 —
REHEARING DENIED MAY 30, 1985 — ▮▮▮▮▮▮▮

*James L. Paul, Gary A. Barnes, Seaton D. Purdom*, for appellant.

*Robert S. Wayne*, for appellee.