72206. SADLER v. TRUST COMPANY BANK OF SOUTH GEORGIA, N.A.
(344 SE2d 694)

POPE, Judge.
In a suit on promissory note, appellee Trust Company Bank of South Georgia, N.A., successor to Farmer's Bank of Pelham, obtained summary judgment against the maker, appellant Curtis E. Sadler, in the amount of $270,897.76 principal, plus interest to the date of judgment of $21,764.62 and court costs. Appellant contends that the trial court erroneously awarded summary judgment to appellee bank because there existed genuine issues of material fact as to whether the bank failed to mitigate its damages and whether it impaired the col-

lateral left in its possession. We find appellant's claims to be meritless.

Appellant has admitted his execution of the promissory note as well as the fact that the note is in default and he is unable to repay the bank. As collateral for the note, the bank held security deeds on certain parcels of real estate owned by appellant, as well as appellant's interest in a particular parcel owned jointly by appellant and his wife. Appellant now claims that if the bank had instituted foreclosure proceedings on the collateral immediately upon his default on the note, the proceeds therefrom would have materially reduced his indebtedness. In an affidavit appellant averred that the selling price of the real estate had materially decreased since the maturity date of the note. Thus, he contends that the bank failed to mitigate its damages. In addition, appellant's wife offered to purchase from the bank appellant's one-half interest in the jointly held real estate at a price that he claims was favorable to the bank; the bank declined the offer. He is now unable to sell the property because he cannot convey clear title. As a result, appellant claims that the bank impaired the collateral.

1. The language of the promissory note, admittedly signed by appellant, put him on notice as to the remedies available to the bank in the event of his default: "In the event of a default hereunder . . . [the Bank] may exercise from time to time any and all rights and remedies available to it under any instrument or document relating to any of the Liabilities or Collateral and any applicable law." The bank's obligation with respect to the collateral was provided for as well: "Bank shall be under no duty to enforce payment by proceeding against the Collateral or by exercising any of its other rights hereunder . . . Bank may compromise any Collateral and receive less than the amount due thereon, and any such compromise shall be binding upon all parties hereto. Should the Bank undertake to collect the Collateral, or any part thereof, it shall not be liable for mistakes in judgment or for negligence of its agents." By its language the note confers on the bank the option of releasing collateral or proceeding directly against the note.

The maker of a promissory note may consent in advance to "impairment" of collateral by the holder. *Reeves v. Hunnicutt*, 119 Ga. App. 806 (168 SE2d 663) (1969). Appellant has done just that. He has contracted away his right to assert such a claim. Under the terms of the note, the bank was under no obligation to undertake foreclosure proceedings or to accept payment for release of the collateral. A secured creditor has an option of either proceeding to suit on the note or foreclosing on the collateral. *Homes of Tommorrow v. Fed. Deposit Ins. Corp.*, 149 Ga. App. 321 (2) (254 SE2d 475) (1979). After specifically authorizing the bank to elect its options with regard to the col-

lateral, appellant cannot now complain of the bank's judgment in that regard.

2. For similar reasons, we reject appellant's claim that his defense of mitigation created a genuine issue of material fact. As noted in Division 1, supra, the bank was under no duty to appellant to proceed against the collateral to collect payment on the note. It thus can be fairly inferred that the bank had no obligation to mitigate its damages in relation to the collateral. Cf. *Nelson v. Fulton County Bank,* 147 Ga. App. 98 (1) (248 SE2d 173) (1978), wherein the note was secured by 14 specific cattle. Defendant Nelson alleged harm through seizure by the bank of the incorrect cattle and the sale of 11 rather than 14 cattle. The court found that these assertions failed to establish an affirmative defense as plaintiff bank was under no duty for the collection or protection of any property securing the note.

In any event, once the maker of a promissory note admits having executed the note, production of the instrument entitles a holder to the judgment sought unless the maker establishes a defense. OCGA § 11-3-307 (2). In the instant case, the bank introduced the note, established its authenticity, and therefore, had a prima facie right as a matter of law to the face amount of the note and specified interest. See *General Tire &c. Co. v. Solomon,* 124 Ga. App. 308 (1) (183 SE2d 573) (1971). The burden then fell upon appellant to prove that the bank could have lessened its damages, "and such proof should include sufficient data to allow the jury to reasonably estimate how much the damages could have been mitigated." *Branon v. Ellbee Pictures Corp.,* 42 Ga. App. 293 (2) (155 SE 923) (1930); *National Health Svcs. v. Townsend,* 130 Ga. App. 700 (3) (204 SE2d 299) (1974). Appellant's evidence falls short in this regard. His affidavit provides only broad general assertions that foreclosure or sale of the collateral at an earlier time would have reduced his indebtedness to the bank (and thus the bank's damages) by a greater amount than such disposal of the property now. Appellant also asserts that his interest payments accruing on the note would have been reduced. These generalizations are entirely speculative and provide no basis for determining how much the damages could have been mitigated. See *Considine Co. v. Turner Communications,* 155 Ga. App. 911 (3) (273 SE2d 652) (1980); *Davidson v. Consolidated Quarries,* 99 Ga. App. 359 (8) (108 SE2d 495) (1959). As there was no genuine issue of material fact, summary judgment was properly granted in favor of the bank.

3. We have considered the bank's claim that this appeal is frivolous and its request for damages. OCGA § 5-6-6 provides for a 10% penalty upon a money judgment as a deterrent to prolonging litigation when the appeal is clearly frivolous and where our appellate courts are used to evade and delay judgments. *Felker v. Johnson,* 189 Ga. 797 (10) (7 SE2d 668) (1940). We have reviewed the instant rec-

ord and cannot conclude that this appeal was taken *solely* for purposes of delay. Therefore, damages pursuant to OCGA § 5-6-6 are not authorized.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED APRIL 8, 1986 —
REHEARING DENIED APRIL 30, 1986.

*Frank C. Vann*, for appellant.
*Donald T. Robinson*, for appellee.