76257. 1600 CAPITAL COMPANY v. BANKERS FIRST FEDERAL SAVINGS & LOAN ASSOCIATION.
(370 SE2d 668)

BEASLEY, Judge.

1600 Capital Company, plaintiff, appeals from the grant of sum-

mary judgment to Bankers First Federal Savings & Loan Association, defendant.

Capital negotiated with Bankers to obtain financing for the construction and long-term financing of fourteen townhouse units in Arlington, Texas. Bankers agreed to provide the necessary funds and the parties executed a number of related documents, including a construction loan commitment, a loan agreement, fourteen promissory notes (one for each piece of property), and a deed of trust. The construction loan commitment and notes provided that the interest on the total construction loan of $800,000 would be 2 percent over Bankers' "Base Lending rate" in effect on the first day of each month, and the notes further explained that the rate of interest would increase or decrease as Base increased or decreased.

The notes matured, and after renewal efforts were rejected, Bankers demanded full payment. Capital paid the sum demanded, both principal and interest as calculated by Bankers, and then instituted this action for the interest charged on the notes, contending that it was usurious in violation of OCGA § 7-4-2 and should be forfeited to it under OCGA § 7-4-10.

OCGA § 7-4-2 (a) (1) provides in part: "The legal rate of interest shall be 7 percent per annum simple interest where the rate percent is not established by a written contract. Notwithstanding the provisions of other laws to the contrary, . . . the parties may establish any rate of interest, expressed in simple interest terms as of the date of the evidence of the indebtedness, . . . agreed upon in writing by the parties where the principal amount involved is more than $3,000.00. . . . Nothing contained in this subsection shall be construed to prohibit the computation and collection of interest at a variable rate."

Capital contends that there was no agreement in writing which expressed the rate of interest in simple interest terms, because the base lending rate was neither defined nor set out as to current percentage, and it was variable monthly not according to a stated standard but within the discretion of a bank committee. Thus, it argues, a borrower could not compute it from the information provided in writing or compare it with other money rate. It is also argued that the term "prime" rate is a commonly used, well-recognized expression and cases construing it are not applicable here where "base" is used instead. Capital does not dispute that this was a simple interest, as opposed to compound interest, rate, nor does it refute the evidence that the rate was set monthly by a committee of three which considered factors such as the cost of money to Bankers.

Bankers contends that the loan documents do meet the statutory requirements. The trial court, relying on *Stewart v. Nat. Bank of Ga.*, 174 Ga. App. 892 (332 SE2d 19) (1985), analogized the base rate provision to the prime rate provision approved in that case and con-

cluded that the base rate was not usurious. We agree, as it is definite and ascertainable by the borrower.

Although the future monthly-determined rate could not be known in advance, the parties agreed that it be this particular rate, for which there was an established mechanism for its determination. The borrower as a member of the general public was free at any time, including when it entered into the contracts, to ascertain from Bankers what the then-prevailing base lending rate was. The statute does not require that the formula or factors used in arriving at it by the committee, or the manner or mechanism for arriving at it, be set out in writing. Describing to whom it in general applies, as did the prime rate notes in *Stewart*, is not required either. So long as it is definite, that is, a particular rate used by the lender in its lending transactions, ascertainable by the borrower, and expressed in writing in simple interest terms, it meets the statute's mandate. The fact that it is variable in the future and cannot be ascertained in a particular numerical amount for those future months, at the date of the loan, does not invalidate it.

The Fifth Circuit pointed out with respect to a similar provision of Louisiana law, *In the Matter of LeBlanc*, 622 F2d 872, 878 (5th Cir. 1980): "The requirement that an interest rate be fixed in writing is akin to a parol evidence rule . . . There is no danger of a swearing match over what the parties meant by four points above prime. Thus, holding that such an interest rate is not fixed in writing would not serve the purposes of the parol evidence rule." The same holds true for the base lending rate expressly specified by the parties here.

In *Moore v. Wachovia Mtg. Co.*, 138 Ga. App. 646, 647 (1) (226 SE2d 812) (1976), a note calling for the payment of interest "At 3 percent above the prime rate in effect from time to time at Wachovia" was examined. Changes in the prime rate resulted in changes in the interest rate of the note on the first day of the following month. That the rate was established and charged by Wachovia as a matter of record which was available to the borrower was the crucial factor sustaining the holding that the interest rate was definite and ascertainable.

The position we take is essentially that taken by the Georgia Department of Banking & Finance in its advisory opinion entitled: "Interpretations of H. B. 128 - Interest." See OCGA § 7-1-99 (b) (1). According to the Department the requirement that the rate of interest be expressed in simple interest terms does not mandate numerical terminology but is met by the expression of the method of computation of interest by reference to "prime" or other indices such as "base." See also "Interest & Usury - House Bill No. 128," 19 Ga. Bar Journal 150 (1983).

The interest provided for in the loan instruments here did not

constitute a greater profit than is authorized by law, and thus is enforceable. See *Bailey v. Newberry*, 52 Ga. App. 693 (184 SE 357) (1935).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JUNE 10, 1988.

*Lynn C. Stewart, David H. Flint*, for appellant.
*James L. Lester*, for appellee.
*W. Stell Huie, Carol V. Clark, Bob G. Pope*, amici curiae.