A90A1358. AMERICAN MINI-STORAGE, MARIETTA BLVD., LTD. v. INVESTGUARD, LTD.
(397 SE2d 199)

Birdsong, Judge.
This appeal is from the grant of summary judgment to Investguard, Ltd. ("Investguard"), in its suit for collection of amounts due on a note. *Held*:

1. American Mini-Storage, Marietta Blvd. ("American"), first as-

serts that the trial court erred by granting summary judgment to Investguard in that Investguard had not filed the required intangible tax returns as required by OCGA § 48-6-32. This contention is without merit. The record demonstrates that the trial court correctly ruled that American waived this defense by not timely raising it in its answer. *Beets v. Padgett*, 125 Ga. App. 551, 553 (188 SE2d 265).

2. American enumerates as error the failure to grant it judgment because Investguard allegedly accepted a deed to the property securing the debt from American in full satisfaction of the debt. The record shows that this allegation is without factual support. In the course of the litigation, without Investguard's consent, American prepared and recorded, but did not deliver, a quitclaim deed of the property to Investguard. Then, American attempted to require Investguard either to quitclaim the property back to American, presumedly so that American could argue that Investguard had surrendered its security interest in the property, or by refusing to execute the quitclaim and thus accept American's quitclaim deed in satisfaction of the debt. After Investguard refused to participate, American contended that the deed had been accepted. The trial court rejected this contention, and now American asserts that this was error. There was no error. Investguard had the right to elect which remedy it would pursue, and American cannot force Investguard to accept the property in satisfaction of the debt. See *Trust Inv. &c. Co. v. First Ga. Bank*, 238 Ga. 309, 310 (232 SE2d 828); *Sadler v. Trust Co. Bank,* 178 Ga. App. 871, 872 (344 SE2d 694).

3. American also contends that the trial court erred by awarding Investguard interest as provided in the note since the note was "infected" with usury. See OCGA §§ 7-4-2; 7-4-10; and 7-4-18. The record reveals that the note provided for simple interest at the prime rate plus two percent. This is sufficient to satisfy the requirements of OCGA § 7-4-2 (a) (1). *1600 Capital Co. v. Bankers First Fed. &c. Assn.*, 187 Ga. App. 504, 506 (370 SE2d 668). Accordingly, this contention is also without merit.

4. American's final enumeration asserts that the trial court erred by granting Investguard's motion, and by not granting summary judgment to American. Although American correctly notes that summary judgment can be granted to a non-moving party, for the reasons stated in Divisions 1-3 above, the trial court did not err.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 12, 1990.

*Marvin P. Nodvin*, for appellant.
*Valente & Strauss, John J. Strauss, Sakas & Horne, Jeffrey L.*

*Sakas,* for appellee.

