## 31945. ROTHSTEIN v. FIRST NATIONAL BANK OF ATLANTA.

BOWLES, Justice.

The First National Bank of Atlanta sued the appellant only on two renewal notes which appellant had signed in the capacity of endorser for the maker Unclaimed Dry Cleaning & Laundry Exchange, Inc. The appellant answered and counterclaimed, alleging fraud and usury; and sought recovery of alleged usurious interest in the previous notes. The counterclaim, as amended, raised a vague constitutional challenge to Code Ann. § 57-118 which prohibits the defense of usury by a profit corporation in this type transaction.

The trial court granted summary judgment in favor of the bank by dismissing the counterclaim. After a jury trial in the original suit on the note, a verdict was returned for the appellee bank. Appellant appeals from the judgment of the court, based on that verdict, and the overruling of his motion for judgment notwithstanding the verdict.

We affirm.

1. In his first enumeration of error, the appellant contends that the court erred in dismissing his counterclaim which sought recovery of alleged usurious interest, and alleged that Code Ann. § 57-118 was unconstitutional, in that it violated Article XIV of the Constitution of the United States by discriminating against noncorporate endorsers of a corporate note, and violated the clause of the *United States Constitution* (emphasis supplied) which states, "Laws of a general nature shall have uniform operation throughout the state, and no special law shall be enacted in any case for which provision has been made by an existing general law."

Under Code Ann. § 57-118, a profit corporation may agree to an interest rate higher than that specified in Code Ann. § 57-101 if the principal amount of the loan exceeds $2,500. Under this statute the defense of usury is unavailable to the debtor corporation. We interpret this statute as also prohibiting the use of the defense by a corporate endorser. The appellant has failed to show how this interpretation deprives him of his equal protection rights or discriminates against a noncorporate endorser. See *Trust Invest. &c. Co. v. First Ga. Bank,* 238 Ga. 309(3) (232 SE2d 828) (1977); *Finlay v. Oxford Const. Co.,* 139 Ga. App. 801 (230 SE2d 69) (1976); *Waterman v. Howard Paper Co.,* 124 Ga. App. 511 (184 SE2d 226) (1971); Annot., 63 ALR2d 950 (1959).

The substance of appellant's second constitutional attack, erroneously stated by him to be based on the U. S. Constitution, has been ruled on in *Talley v. Sun Fin. Co.,* 223 Ga. 419, 420 (2) (156 SE2d 55), in which we held that the Industrial Loan Act is a general law. The legislature had the right to classify loans made to corporations, provided the law operates uniformly throughout the state, and affects all persons coming within its terms.

There is no merit to the constitutional attacks made by the appellant in his counterclaim and it was properly dismissed.

2. The court's ruling against the appellant's counterclaim was based entirely on law, and there were no facts on which the ruling was based so as to require any

mandatory findings of fact. Code Ann. § 81A-112 (f). The appellant's second enumeration is without merit.

3. Appellant's third enumeration of error claims that the court erred in exercising its discretion in twice dismissing appellant's request for answers to certain written interrogatories. We have reviewed the inter-rogatories requested and the court's rulings thereon and find that the court did not abuse its discretion in that regard.

4. Appellant's fourth enumeration of error claims that the trial court erred in denying his motion for "directed verdict for dismissal as to attorney's fees." The trial court did not err in that respect. Although defendant denied in his pleading and denied in his testimony that he had received a copy of the plaintiff's demand and intention to enforce the provisions of the contracts with respect to attorney fees, there was testimony in behalf of the plaintiff that the notice letter was prepared and mailed to defendant at his correct address. The letter was in-troduced in evidence, without objection. This is enough to make a question of fact for the jury. Additionally, however, a copy of said notice was attached to plaintiff's complaint as an exhibit, and thus written notice was given to defendant in this manner. There was no error.

5. The fifth enumeration of error complains of the trial court's denial of "a directed verdict on the pleadings" claiming that the sworn testimony of one of the witnesses did not show the balance owing on account. Documentary evidence was introduced by the plaintiff, without ob-jection, setting forth the principal balance owed on each note, and showing all payments. The defendant testified that there was a balance of $5,080.70 due on one note and $2,305.61 on the other and claimed a difference in that amount and the amount sued for. Indeed, the jury rendered a verdict for the principal amounts admitted to be owed by defendant's testimony or a total principal sum of $7,386.31. There is no error.

6. Enumeration number 6, is based on the trial court's denying appellant a directed verdict *"on the pleadings"* (emphasis supplied) claiming conflicts in the sworn testimony. Appellant claims one of the notes was completed after execution "in a material and fraudulent

manner." He claims the note was blank in that respect when he signed it. This was disputed by the plaintiff's witnesses. This was a jury question and the court did not err in denying this motion.

7-8. Enumeration numbers 7 and 8 complain about "an erroneous statement and ensuing discourse" by the court in the presence of the jury, and the court's "erroneous, biased, and prejudicial statements and remarks and coaxing of witnesses in favor of the appellee, and its general obvious partiality in favor of the appellee." A careful reading of the record does not illustrate such conduct on the part of the trial court, but inasmuch as appellant did not make any objection, or complaint, nor did he make a motion for mistrial at the time, it is too late to complain after verdict.

9. Appellant complains in enumeration number 9 about the court refusing to allow testimony regarding the defense of usury. The notes involved were corporate notes, the appellant was an endorser thereon. A guarantor or endorser such as defendant cannot assert the defense of usury which is barred by statute to the corporation. *Waterman v. Howard Paper Co.*, supra; *Reynolds v. Service Loan &c. Co.*, 116 Ga. App. 740 (158 SE2d 309) (1967). *Finlay v. Oxford Const. Co.*, supra.

10. The court did not err in failing to charge the jury with the definition of legal fraud as defendant contends, where there was no request that it do so. Additionally, before verdict, appellant's counsel made no complaint or exception to the charge of the court in that or in any other respect. Code § 70-207 (a). Enumeration number 11 is without merit.

11. Appellant's enumerations 12 and 13 complaining of failures of the court to charge fall in this same category.

12. Enumerations 10, 14 and 15 are not argued and defendant cites no authority in support of the same. They are considered abandoned. *Schmid v. State,* 226 Ga. 70 (172 SE2d 616) (1970). Supreme Court Rule 18 (c) (2).

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED JANUARY 28, 1977 — DECIDED
MAY 26, 1977 —

REHEARING DENIED JUNE 21, 1977.

Herman B. Rothstein, *pro se.*
*Maley & Crowe, Wayne C. Crowe,* for appellee.