Charles F. DOGGETT, Appellee,

v.

HERITAGE CONCEPTS, INC., and B. J. Farmer, Appellants.

No. 64667.

Supreme Court of Iowa.

Nov. 12, 1980.

Jerry R. Foxhoven of Critelli & Foxhoven, P. C., Des Moines, for appellants.

Robert W. Pratt, Des Moines, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and McGIVERIN, JJ.

UHLENHOPP, Justice.

This appeal involves three issues which arose in an action on two promissory notes.

The business dealings of the parties were somewhat complicated. Defendant Heritage Concepts, Inc., owed various creditors. Another corporation, Memorial Lawn Cemeteries, Inc., borrowed money from a third party on two notes, and plaintiff Charles F. Doggett, who owned Memorial Lawn's stock, guaranteed those notes. The proceeds of those notes were used to pay creditors of Heritage. Heritage made and delivered its two notes to Doggett for the amounts its creditors were paid. One of these notes was endorsed by defendant B. J.

Farmer and another individual, and the other was endorsed by Farmer alone.

Heritage did not pay the two notes to Doggett, and Doggett became anxious. Heritage and Farmer sent Doggett two new notes of Heritage, corresponding to the original two notes payable to Doggett. These new notes, however, did not have any endorsers, and the payee was different. A sharp conflict exists in the testimony as to the purpose of the new notes. Farmer contends these notes were to be substituted for the original ones, while Doggett denies that he accepted the new notes or released the endorsers on the original notes.

Doggett sued Heritage and Farmer on the original two notes, and the trial court gave judgment for Doggett. Heritage and Farmer appealed.

I. *Lack of consideration.* Heritage and Farmer contend that the two notes sued on lacked consideration because the money borrowed from the third party went through Memorial Lawn Cemeteries to the creditors of Heritage, and Doggett suffered no detriment himself and conferred no benefit on Heritage. Either a benefit to a promisor or a detriment to a promisee constitutes consideration. *Bankers Trust Co. v. Economy Coal Co.*, 224 Iowa 36, 42, 276 N.W. 16, 20 (1937).

The trial court did not accept this contention of Heritage and Farmer on these facts, and neither do we. The two notes in suit were given on account of the payment by Memorial Lawn Cemeteries of debts of Heritage. To obtain those funds, Memorial Lawn Cemeteries gave its notes to a third person and Doggett guaranteed those notes. This guarantee by Doggett constituted a detriment to him. Moreover, Heritage received the benefit of those funds; its creditors were paid.

We do not find merit in this contention.

II. *Substitution of notes.* Heritage and Farmer next contend that the second set of notes by Heritage, which did not have endorsers, were substituted for the first notes and discharged those notes. The evi-

dence is in conflict as to whether the parties substituted the second set of notes for the original ones; a fact question existed. The case was tried by ordinary proceedings and the trial court found for Doggett. The finding has substantial evidentiary support. We do not overturn fact findings which are so supported; moreover, we view the evidence in the light most favorable to the trial court's findings. Iowa R.App.P. 14(f)(1); *Long v. Glidden Mutual Insurance Association*, 215 N.W.2d 271, 272 (Iowa 1974).

■ Doggett did obtain a corporate officer's signature on the second set of notes. This is a circumstance for the trier of fact to weigh in the balance, but it is not conclusive.

Since this issue turns on the facts, we have no occasion to consider legal propositions advanced by the parties regarding substitution of notes. *See Annot.*, 43 A.L. R.3d 246 (1972).

We hold that this contention is not meritorious on the present record.

III. *Usury.* Finally, Farmer contends that the interest rate of 18% on the notes in suit is usurious as to him. The maximum interest rate on these notes is governed by section 535.2 of the Code of 1975. The rate specified in the notes exceeds the maximum for individuals prescribed by section 535.2(1) of that Code. Subsection 2 of the section provides however:

> Any domestic or foreign corporation or real estate investment trust as defined in section 856 of the Internal Revenue Code may agree in writing to pay any rate of interest in excess of the rate prescribed in subsection 1 hereof, and no such corporation or real estate investment trust so agreeing in writing shall plead or interpose the claim or defense of usury in any action or proceeding.

Section 535.4 provides:

> No person shall, directly or indirectly, receive in money or in any other thing, or in any manner, any greater sum or value for the loan of money, or upon contract founded upon any sale or loan of real or personal property, than is in this chapter prescribed.

■ We thus have the question whether the interest rate in a note or other contract of a corporation is valid as to individuals secondarily liable on the instrument although it would be excessive as to those individuals if they were the primarily liable parties. The general rule is stated thus in 91 C.J.S. *Usury* § 74, at 650–51 (1955):

> Where the defense of usury is forbidden the corporate borrower, the indorsers, guarantors, and sureties are also precluded from challenging the validity of a corporate obligation governed by the laws of the state on the ground of usury.

The rule is stated similarly in 45 Am.Jur.2d *Interest and Usury* § 266, at 202–03 (1969):

> A statute prohibiting a plea of usury by a corporation precludes the assertion of usury as a defense to their own obligations by all corporations including national banks, insurance companies, and foreign corporations. It is generally recognized that if the statute precludes a corporation from asserting usury as a defense, it may not be asserted by a grantee of corporate property conveyed subject to the lien of an existing mortgage, by a receiver of a corporation, by a trustee in bankruptcy, or by an assignee for the benefit of creditors. A like rule has been applied to corporate creditors, junior mortgagees, and to persons liable collaterally on corporate contracts, such as guarantors, sureties, and indorsers.

A few early decisions held to the contrary but the rule generally followed today does not permit the secondarily liable individual to interpose the usury defense. *Annot.*, 63 A.L.R.2d 924, 950 (1959). We adopt the rule as followed generally.

■ Section 535.4 prohibits the imposition of usurious rates directly "or indirectly." Cases can be hypothesized in which a lender demands a usurious rate and induces the real borrower, an individual, to engage in a straw-man scheme to evade the usury statute. We will deal with such a case if and when it arises. Nothing appears in this record to indicate that Heritage is not a

genuine entity. The funds for which the notes were given were used to pay the creditors of Heritage; Heritage is the party primarily liable on the notes and Farmer is secondarily liable. Jurisdictions following the general rule that an individual secondarily liable on corporate paper cannot interpose usury as a defense do so notwithstanding "directly or indirectly" language identical or similar to our statute. Illustrative decisions are *Merchants Mortgage Co. v. Bogan*, 434 F.2d 490, 493 (D.C.Cir.1970) (Maryland law); *Associated East Mortgage Co. v. Highland Park, Inc.*, 172 Conn. 395, 405, 374 A.2d 1070, 1075 (1977); *Rothstein v. First National Bank*, 239 Ga. 216, 219, 236 S.E.2d 350, 353 (1977); *Charmoll Fashions, Inc. v. Otto*, 311 Minn. 213, 216, 248 N.W.2d 717, 719 (1976); *Schneider v. Phelps*, 41 N.Y.2d 238, 242, 359 N.E.2d 1361, 1364, 391 N.Y.S.2d 568, 571 (1977); *Houston Furniture Distributors, Inc. v. Bank of Woodlake*, 562 S.W.2d 880, 882 (Tex.Civ.App.1978); and *Sundseth v. Roadmaster Body Corp.*, 74 Wis.2d 61, 66–67, 245 N.W.2d 919, 921 (1976).

The trial court correctly awarded judgment to Doggett.

AFFIRMED.