**Robert HEATHMAN and Theresa Heathman, Appellants,**

v.

**Terry HEATHMAN and Gloria Heathman, Appellees.**

No. 95–996.

Court of Appeals of Iowa.

April 30, 1997.

Brian R. McPhail of Gross & McPhail, Osage, for appellants.

Craig N. Mershon of Mershon Law Firm, Cedar Falls, for appellees.

Considered by HABHAB, C.J., and STREIT and VOGEL, JJ.

HABHAB, Chief Judge.

The question we need to resolve is whether a usury defense is available to a co-maker of a note. We hold that it is not, and accordingly reverse the trial court and remand. The pertinent facts needed to resolve this issue are as follows.

Plaintiffs Robert and Theresa Heathman are the parents of defendant Terry Heathman. Defendant Gloria Heathman is the wife of Terry. Terry wanted to purchase a one-half interest in a farm implement dealership in Osage, Iowa. The price was $60,000. Terry lacked the funds necessary to purchase the dealership. He explained the situation to his parents. Terry and his parents then went to the Thorp Loan and Thrift Company for a loan. Terry and his parents borrowed $128,469.80 and, as borrowers,

"jointly and severally promised to pay lender $128,469.80 plus interest" according to a rate established by the lender. Terry, in turn, orally agreed with his parents to make semi-annual payments on his share of the loan in amounts equal to that fixed by Thorp. The payments were to be deposited to plaintiffs' bank account. The signature of Terry and his parents appear on all the lending papers from Thorp and also on the note evidencing the debt. His parents mortgaged their farm to secure this loan.

Terry made payments on the loan from May 1983 until May 1991 totaling $78,060. That amount includes interest as charged by Thorp. No payments have been made since May 1991. Plaintiffs claim there is yet due $33,657 plus interest at the rate of 7.875 percent, which we are told is an amount equal to that required to service defendant's portion of the Thorp loan.

Plaintiffs brought suit. Terry and Gloria filed an answer denying the allegations and raising the defense of the statute of frauds. On January 25, 1995, the morning of trial, Terry and Gloria requested leave to amend their answer to raise as an affirmative defense the application of Iowa Code chapter 535 regarding usury. The district court granted the request. The court granted a continuance to allow counsel to define and brief the issues.

Terry and Gloria filed a motion for summary judgment. The district court granted their motion. The trial court first held that an oral loan agreement existed between plaintiffs and defendant for the payment of Terry's share of the loan of $60,000. It further held the interest rate charged by plaintiffs on that proportionate share of the loan exceeded five percent in violation of Iowa Code section 535.2, which provides:

535.2. Rate of interest.

1. Except as provided in subsection 2 hereof the rate of interest shall be five cents on the hundred by the year in the following cases, unless the parties shall agree in writing for the payment of interest at a rate not exceeding the rate permitted by subsection 3:

. . . .

c. *Money loaned.*

The trial court further held that after applying the five percent interest, the loan was totally paid. Robert and Theresa have appealed. We hold the trial court misapplied the law and accordingly reverse.

■ **I. Summary Judgment.** We review a district court's ruling granting summary judgment for errors at law. Iowa R.App. P. 4; *First Nat'l Bank v. Fidelity & Deposit,* 545 N.W.2d 332 (Iowa App.1996). The court upholds a summary judgment when the moving party shows there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c); *see C–Thru Container Corp. v. Midland Mfg. Co.,* 533 N.W.2d 542, 544 (Iowa 1995). On review, we determine whether a genuine issue of fact exists and whether the law was applied correctly. *First Nat'l Bank,* 545 N.W.2d at 334. The record is reviewed in the light most favorable to the nonmoving party. *Hoffnagle v. McDonald's Corp.,* 522 N.W.2d 808, 811 (Iowa 1994).

■ **II. Defense of Usury.** We believe under the circumstances here the defense of usury is not available to defendant. Terry was a co-maker and jointly liable under the note to Thorp. Plaintiffs accommodated defendant when they borrowed $60,000 for him from Thorp.

Terry was a primary debtor under the loan. As a co-maker of the debt, he was ultimately liable for the amount due thereon. He bound himself to the lender at the rate of interest agreed to in the promissory note. Surely, if plaintiffs failed to pay their proportionate share of the debt and Terry was compelled to do so and thereafter sought payment from plaintiffs for their proportionate share of the unpaid debt, plaintiffs could not reasonably argue the defense of usury.

Although not directly on point, it has been held in this state that if a corporation as the primary debtor borrows money at a higher rate than individuals may be charged, an individual who guarantees a corporation's note is bound to the lender at the higher rate. *Doggett v. Heritage Concepts, Inc.,* 298 N.W.2d 310, 312 (Iowa 1980). This is because the corporation is actually the debtor and must respond over to the guarantor if the latter is compelled to pay the lender. *Id.*

Thus, in the case before us where both parties are debtors, if one fails to pay, that party must respond over to the other party if the other party is compelled to pay the lender. Under the circumstances here, the usury defense cannot be used.

We reverse the trial court's ruling on defendants' summary judgment motion.

**III. Miscellaneous.** We note under this heading we are merely holding that under the specific facts of this case the usury defense is not available to defendants and summary judgment should not have been granted. We form no opinion as to the merits of this case or any other questions of law that might arise. When we review the record before us, it is readily apparent there are a number of unanswered fact questions that will need to be resolved by the trier of fact.

Although not particularly necessary to this opinion, we hold the trial court did not abuse its discretion when it permitted defendants to amend their pleadings to assert the usury defense. As it relates to plaintiffs' assignment of error alleging the trial court abused its discretion when it did not permit plaintiffs to amend, we hold there should be sufficient time between the filing of this opinion and the trial date whereby both parties should be afforded the opportunity to make such amendments that are proper under the circumstances, with the trial court, of course, retaining, where applicable, its discretionary power to grant or deny the same.

We have considered all other assignments of error and either find them to be without merit or no need to rule upon them in view of our holding.

**REVERSED AND REMANDED.**