23106. ANDERSON v. MANNING.

Submitted September 15, 1965—Decided October 7, 1965.

422

*William E. Zachary, Drennan & Brannon, Roy S. Drennan,* for plaintiff in error.

*Edward D. Wheeler, O. E. Williams,* contra.

QUILLIAN, Justice. The question confronting us here is: Was the defendant, by participating in the negotiations, by being present during the entire transaction here involved and by failing to reveal her purported interest in the property, estopped from asserting title adverse to that of the plaintiff, where the defendant's muniment of title was recorded and the plaintiff, admittedly relying on assurances made by the deceased, made no investigation of title?

The defendant contends that the plaintiff had notice of the defendant's interest since "the defendant's possession of the land under a duly recorded warranty deed was notice to the plaintiff and to the world of the defendant's claim of title." *Poore v. Poore,* 210 Ga. 371, 372 (80 SE2d 294); *Blue Ridge Apart. Co. v. Telfair Stockton & Co.,* 205 Ga. 552 (54 SE2d 608). Hence, under *Code* § 38-115 the plaintiff had a "convenient means of acquiring . . . knowledge" of the true title, and thus the defendant would not be subject to estoppel.

The plaintiff relies on *Code* § 105-304 which provides: "One who silently stands by and permits another to purchase his property without disclosing his title is guilty of such a fraud as estops him from subsequently setting up such title against the purchaser." In construing this Code section this court has found that it is inapplicable where a party had actual knowledge of the rights of the other party who remained silent or where such

party relied upon his own investigation or was not shown to have placed any reliance on the statement, action or inaction of the one claimed to be estopped. *Brown v. Tucker*, 47 Ga. 485; *Stonecipher v. Kear*, 131 Ga. 688 (5) (63 SE 215, 127 ASR 248); *Williamson v. Floyd County &c. Assn.*, 216 Ga. 760 (2) (119 SE2d 344).

However, in analogous factual situations to that of the instant case this court, in harmonizing *Code* §§ 105-304 and 38-115, has consistently held that a recorded deed was not necessarily such "convenient means of acquiring knowledge" of the title, within the contemplation of *Code* § 38-115, as to abrogate the effect of *Code* § 105-304 on one who remains silent while a third party represents to another that he owns certain property which in actuality belongs to the aphonic one. *Markham v. O'Connor*, 52 Ga. 183 (21 ASR 249); *Lane v. Newton*, 140 Ga. 415 (4) (78 SE 1082); *Roop Grocery Co. v. Gentry*, 195 Ga. 736, 746 (25 SE2d 705). In the *Gentry* case is the pronouncement: "The fact that the deed under which the wife claimed title may have been based upon a valuable consideration and duly recorded would not necessarily prevent the purchaser in such case from relying upon the principle of estoppel, if he was in fact ignorant of the true title. . . . The principle stated in the Code, § 105-304, does not depend for its operation upon the existence or absence of mere constructive notice, nor will such record necessarily constitute 'convenient means of acquiring such knowledge,' within the meaning of § 38-115."

The trial judge erred in sustaining the demurrer to the petition.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*