## 51517. ICARD et al. v. HARBUCK.

MARSHALL, Judge.

On March 29, 1971, Lester Icard sold to his son, James Icard, (and the son's wife) approximately 419 acres of land located in Marion County. Simultaneously, James Icard and his wife signed a promissory note to pay Lester Icard the sum of $39,000 after the date of the note as payment for the land, with interest at 8% from maturity. The note was given in concurrence with a security deed of even date. The concomitant security deed transferred the 419 acres to Lester Icard as security for the note. Contrary to the interest provisions of the note, the deed provided there was to be no interest on the indebtedness, but that the grantee could declare the whole amount due upon default of the grantor. The deed further provided that the indebtedness would be repaid in monthly installments of $100. These payments were to be paid to Lester Icard so long as he should live, then to his wife, and upon the death of the survivor of either, to the 10 children of Lester Icard in a designated order.

Lester Icard prepared a will in October, 1971, revoking all previous wills and codicils. Thereafter, he died, his wife having predeceased him. His daughter, Mary Icard Harbuck, appellee herein, qualified as executrix and successfully offered the will for probate.

Appellee Harbuck sought a declaratory judgment in the Superior Court of Marion County seeking: exclusive possession of the real estate involved during the administration of the estate; that the original note be declared a demand note at 8% interest; that the terms of the security deed providing for installment payments at no interest be declared inconsistent with the terms of payment of the note and to be of no legal effect; and that the provisions concerning to whom payments were to be made be declared testamentary in nature and, therefore, either a will or codicil and as such to have been revoked by the revocation clause in the subsequently executed will of

her father.

The trial court made findings of fact that the promissory note was a demand note; that where terms of a security deed are inconsistent with the provisions of a note, the terms of the note will prevail; that the provisions of the security deed would not alter the terms of the note; and that the provisions for the order in which payment to the grantees in the note were specified were testamentary in nature, therefore, were revoked by the revocation clause in the subsequently executed will of Lester Icard.

Appellants James Icard et ux appeal enumerating as error the findings and declarations of the trial court. *Held:*

1. We find no error in the trial court's declarations that the promissory note is a demand note; that the terms of a promissory note are not affected where there are inconsistent terms of a contemporaneously executed security deed; or that the security deed did not alter the demand effect of the promissory note. The plain terms of payment of the note are that the note is payable in its entirety upon demand at 8% interest. The deed, on the other hand, plainly is an installment contract at no interest.

A note payable generally "after date" and not otherwise expressing a time for payment is payable on demand and due immediately, bearing interest from the date of demand, which is any date on and after execution. *Hotel Lanier Co. v. Johnson,* 103 Ga. 604 (30 SE 558); *Love v. Perry,* 19 Ga. App. 86 (90 SE 978). See also: *Pugh v. First Nat. Bank,* 130 Ga. App. 627 (204 SE2d 370). In respect to the terms of the debt or interest, or the time for its payments, if a concurrent note and deed to secure debt contain conflicting provisions, the note will govern, as being the principal obligation. *Linam v. Anderson,* 12 Ga. App. 735, 740 (78 SE 424).

The two documents being irreconcilable as to terms of the debt, method of payment and time of payment, the conflicting provisions of the deed must be disregarded, leaving only the demand note valid in these particulars.

2. Enumeration 2 complains the trial court erred in declaring that the descending order of payment required by the security deed was testamentary in nature and for that reason was revoked by the revocation clause of Lester

Icard's later executed will.

Having concluded that the conflicting provisions of the deed are of no force and effect in relation to the payment provisions of the note, we view this point as moot. However, if further proceedings in this case ensue, we believe it provident to point out an error in the trial court's conclusion in this regard.

The rule invoked by the trial court applies only upon an attempt by the grantor to convey a right in property dependent upon the death of the grantor. *Smith v. Thomas,* 199 Ga. 396, 399 (34 SE2d 278). The grantor in this security deed was not Lester Icard but his son James. The vesting of the future interest is dependent upon the death of his parents, not the death of the grantor. Such language is not testamentary in nature but a manifestation of the promise to pay a just debt. It follows that the subsequently executed will of the grantee, Lester Icard, had no legal effect on the payment provisions of the security deed.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

Argued January 5, 1976 — Decided February 12, 1976.

H. A. *Aultman, Charles A. Aultman,* for appellants.
*Smith & Jones, William E. Smith,* for appellee.