52585. FINLAY et al. v. OXFORD CONSTRUCTION COMPANY.

MARSHALL, Judge.

Appellee, Oxford, brought suit on a note against appellants as individual endorsers of the note. The trial court heard the case without a jury, and, following remand for findings of fact and conclusions of law (*Finlay v. Oxford Const. Co.,* 138 Ga. App. 49 (225 SE2d 495)), entered judgment for Oxford.

The evidence shows that on January 18, 1974, the Nineteen Corporation executed a note to Oxford for $77,258.98 payable in 60 days and bearing interest at 10%. The appellants personally endorsed the note on the reverse side. Appellants failed to pay the note after it became due, contending, inter alia, that the due date on the note had been extended. In support of that contention, appellants introduced into evidence two security deeds which purportedly secure the same note and which show due dates different from the 60 days specified in the note. The first security deed, which was executed simultaneously with the note, provides that the amount of the note is "due and payable within three (3) years from the date hereof." The second security deed, which was executed several months later and on a separate tract of real estate, provides that the note is "due and payable on or before December 20, 1974." The trial court rejected appellant's contention that these deeds modified the due date of the note. The trial court also rejected appellant's

defense of usury. Appellants appeal from the judgment enumerating error on both of these issues. *Held:*

1. We find no conflict between the term in the note (payable in 60 days) and the term in the first security deed (payable within three years) because payment in 60 days is payment *within* three years. The three year provision in the security deed was obviously inserted to insure that the instrument would receive favorable intangible tax treatment. Compare Code Ann. §§ 92-161 (a), 92-163 with Code Ann. §§ 92-163, 92-164.

While the due date stated in the second security deed does indicate a conflict with the due date in the note, the terms of the note must govern. " '. . . [I]n respect to the terms of the debt or interest, or the time for its payment, if the note and mortgage contain conflicting provisions, the note will govern, as being the principal obligation.' " *Linam v. Anderson,* 12 Ga. App. 735, 740 (78 SE 424); *Icard v. Harbuck,* 137 Ga. App. 570 (1) (224 SE2d 532).

2. Appellants also contend that because the usury statute (Ga. L. 1975, p. 370 (Code Ann. § 57-101)) prohibits the charging of more than 9% interest rate, the trial court erred in allowing Oxford to collect 10% interest rate and attorney fees on the note. Under Ga. L. 1961, p. 300 (Code Ann. § 57-118) a profit corporation may agree to an interest rate higher than that specified in Code Ann. § 57-101 if the principal amount of the loan exceeds $2,500. Under this statute the defense of usury is unavailable to the debtor corporation. The defense of usury has also been held to be unavailable to guarantors of the corporation's note (*Reynolds v. Service Loan Co.,* 116 Ga. App. 740 (158 SE2d 309)), and to endorsers. *Waterman v. Howard Paper Co.,* 124 Ga. App. 511, 512 (184 SE2d 226).

Contrary to appellant's contention that the note was actually between Oxford and the individual appellants, rather than the Nineteen Corporation, the face of the note speaks for itself. Therefore, Code Ann. § 57-118 applies, and the trial court properly ruled that the defense of usury was unavailable to appellants.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

Submitted September 7, 1976 — Decided October 6, 1976.

*Burt, Burt & Rentz, William L. Swan,* for appellants.
*Langstaff, Campbell & Plowden, George P. Donaldson, III,* for appellee.