33392, 33394. JOHNSON v. ALLSTATE INSURANCE COMPANY et al.; and vice versa.

UNDERCOFLER, Presiding Justice.

Appellant sought to set aside for fraud an agreement for workmen's compensation entered into on November 4, 1974, and an agreement dated February 5, 1976, showing he had returned to work. Appellant also claimed damages alleging an agent of the insurer illegally practiced law in

misrepresenting the effect of the agreements. The trial court granted appellees' motion for judgment on the pleadings. This appeal followed. The cross appeal contends the trial court erred in not granting appellee's motion for summary judgment.

1. The record contains evidence and the trial judge in his judgment stated he considered the evidence. Therefore the motion for judgment on the pleadings was converted into a motion for summary judgment and we treat it as such. Code Ann. § 81A-112 (b).

2. The evidence shows appellant was earning an average weekly wage of $16.09 as a part-time employee at the time of his injury. He was paid $25 per week for 61 weeks for partial incapacity because the insurer felt this should be the minimal compensation in this case. The appellant thereafter signed the supplemental agreement on February 5, 1976, stating he had returned to work. On February 23, 1977, the State Board of Workmen's Compensation, after hearing, entered an award of $6.25 per week for 200 weeks for twenty-five per cent permanent partial disability under Code Ann. § 114-406 (m). In our opinion the evidence conclusively shows no fraud was committed upon appellant. See Code Ann. § 114-406.

3. There is no merit in the claim that the insurer's agent was practicing law.

*Judgment affirmed on main appeal; cross appeal dismissed. All the Justices concur.*

ARGUED MARCH 15, 1978 — DECIDED APRIL 18, 1978.

*Spence & Knighton, Virgil C. Spence,* for appellant.

*Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr., Awtrey, Parker, Risse, Mangerie & Brantley, Annette M. Risse,* for appellees.