## 33662. PRESSLEY v. MAXWELL et al.

JORDAN, Justice.

This appeal arises from an order granting appellee's motion for judgment on the pleadings.

Appellee, E. H. Maxwell, instigated foreclosure proceedings under a security deed given to him by Mary Brown Maxwell. She brought a petition in the Superior Court of Floyd County seeking to enjoin the foreclosure. Appellant, Ronnie J. Pressley, intervened against both E. H. Maxwell and Mary Brown Maxwell alleging that he held title to the same property by virtue of a warranty deed from Mary Brown Maxwell which had been given pursuant to an auction sale.

Mary Brown Maxwell did not appear when the case was called and the trial court struck her pleadings for failure to prosecute her case. Appellant and appellee E. H. Maxwell proceeded with the trial, and immediately thereafter, appellee's counsel orally moved for judgment on the pleadings against the appellant. After argument of counsel, the trial court granted appellee's motion for judgment on the pleadings, and additionally ordered that appellant's warranty deed from Mary Brown Maxwell be canceled of record.

Appellant proceeded with a trial on the issue of damages against Mary Brown Maxwell and received a verdict.

Appellant contends that the trial court erred in granting appellee's motion for judgment on the pleadings. The granting of a motion for judgment on the pleadings under Code § 81A-112 (c) is proper only where there is a complete failure to state a cause of action or defense. "For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false." 2A Moore's Federal Practice 2343, § 12.15; *Seaboard C. L. R. Co. v. Dockery,* 135 Ga. App. 540 (218 SE2d 263) (1975); *Holzman v. National Bank of Ga.,* 144 Ga. App. 710 (1) (242 SE2d 299) (1978).

Appellant's complaint against appellee alleged that appellee was present at the auction sale at which

appellant purchased his warranty deed from Mary Brown Maxwell and that appellee committed fraud upon the appellant by "remaining silent at the auction sale of the property which he now claims an interest in." Appellant relies on Code § 105-304 which states in part that " . . . one who silently stands by and permits another to purchase his property without disclosing his title is guilty of such fraud as estops him from subsequently setting up such title against the purchaser."

Appellee's answer denied all of appellant's allegations and included, as attachments, a copy of his security deed from Mary Brown Maxwell and a certificate from the Floyd County clerk's office that the deed had been recorded on March 29, 1976, in Deed Book 673, Page 90 of the Floyd County Deed Records. Appellant's warranty deed from Mary Brown Maxwell which was attached to his complaint showed that their transaction was not executed until November 26, 1976, seven months after appellee's security deed had been recorded. In his motion for judgment on the pleadings, appellee argued that Code § 38-115 precluded the award of any relief requested by the appellant. Code § 38-115 provides: "Where the estoppel relates to the title to real estate, the party claiming to have been influenced by the other's acts or declarations must not only be ignorant of the true title, but also of any convenient means of acquiring such knowledge. . ."

In construing Code § 38-115, this court has held that a prior recorded deed becomes constructive notice for subsequent purchasers and that the holder of a prior recorded interest will not be subject to estoppel. *Randolph v. Merchants & Mechanics Banking &c. Co.,* 181 Ga. 671 (183 SE 801) (1935). However, this general construction has not been followed in analogous factual situations involving Code § 105-304.

"This court, in harmonizing Code §§ 105-304 and 38-115, has consistently held that a recorded deed was not necessarily such 'convenient means of acquiring knowledge' of the title, within the contemplation of Code § 38-115, as to abrogate the effect of Code § 105-304 on one who remains silent while a third party represents to another that he owns certain property which in actuality

belongs to the aphonic one." *Anderson v. Manning,* 221 Ga. 421, 424 (144 SE2d 772) (1965) and cits.

In reviewing appellee's motion for judgment on the pleadings, appellant's allegation that appellee "committed fraud. . .by remaining silent at the auction sale of the property which he now claims an interest in" should have been taken as true, and appellee's motion denied. See *Shaw v. Green,* 180 Ga. 760 (180 SE 732) (1935).

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 26, 1978 — DECIDED OCTOBER 17, 1978.

*James A. Satcher, Jr.,* for appellant.
*Roy N. Newman,* for appellees.