Pope, Senior Appellate Judge.
Clarence L. Martin, P.C. appeals following the trial court’s denial of its motion to intervene in a judicial in rem tax foreclosure proceeding concerning certain property in Chatham County, Georgia.
Clarence L. Martin, P.C. acquired title to the property at issue on April 17, 1979. The property was subsequently sold for nonpayment of taxes, but the U. S. Small Business Administration paid the redemption price in 1987 to protect the mortgage it held on the property. When the property was redeemed, the Chatham County Tax Commissioner conveyed the property into the name of Clarence L. Martin, individually, instead of the corporation. When, again, no taxes were paid on the property, the tax commissioner sold the property in 1991 to Thomas Cecil Wallace, Sr. Wallace also failed to pay taxes on the property, and the tax commissioner sold the property for taxes in 1994 and conveyed title to Chatham County. Seeking a judgment authorizing the sale of the property, the tax commissioner filed a petition for ad valorem tax foreclosure which named Wallace as the record owner of the property. Exhibit B to the petition listed interested parties, including Martin. On August 10, 1999, the superior court conducted a hearing on the petition pursuant to OCGA § 48-4-79. It is undisputed that although Martin received notice of the proposed sale, the corporation did not. Martin, who is the registered agent for the corporation, attended the hearing, but maintains that he was present on his own behalf and not on behalf of the corporation.
*350 After reviewing the petition for judicial in rem tax foreclosure, the superior court issued an order authorizing the foreclosure and tax sale. On October 5, 1999, the property was sold to a third party. On December 6, 1999, the corporation filed a petition to intervene and to contest the tax foreclosure. On that same day, to protect its rights to redeem the property, the corporation paid $22,251.75, the amount of taxes due, into the registry of the court. Subsequently, the tax commissioner reported, to the trial court that the property could not be conveyed due to the filing of the petition to intervene. Meanwhile, Wallace filed a motion seeking the dismissal of the corporation’s petition. Without setting forth any reasons for doing so, the trial court granted Wallace’s motion.
The corporation originally appealed that determination in Clarence L. Martin, P.C. v. Wallace, 248 Ga. App. 284 (546 SE2d 55) (2001). In that appeal, this Court reversed and remanded the case for the trial court to determine (1) the exact nature of the corporation’s interest in the property, if any, on the date of the filing of the petition to foreclose; (2) whether, if the corporation was the owner of record on that date, it had a statutory right to redeem its property contingent only upon compliance with OCGA § 48-4-81 (c); and (3) whether the corporation was estopped to assert title due to the conduct of its agent. Id. at 289 (1), (2).
On remand, the trial court addressed only the third issue, finding it unnecessary to address the other issues in light of its conclusion that the corporation was estopped from asserting its title under OCGA § 51-6-4 by the actions of Martin, its agent. The trial court noted, in particular, that at the August 10,1999 hearing, Martin was asked whether he had any reason that the sale should not be allowed, and he replied that there was no such reason.[1] According to the trial court, this action was sufficient to estop the corporation from asserting its title.
As an initial matter, we note that we find no error in the trial court’s conclusion that Martin’s actions and inactions are binding upon the corporation. It appears undisputed that Martin was listed as the registered agent and as an officer for Clarence L. Martin, P.C. As such, his knowledge as to matters pertaining to his corporate duties is also knowledge charged to the corporation:
A corporation is bound by knowledge of an officer or agent when the knowledge pertains to matters within the scope of the officer’s or agent’s duties. But when the officer or agent departs from the scope of his duties and acts in such a way *351 that his private interest outweighs his obligation as a corporate representative, the law will not impute his knowledge to the corporation. [Cit.]
Keenan v. Hill, 190 Ga. App. 108, 111 (5) (378 SE2d 344) (1989). It fell within Martin’s fiduciary duties as a corporate officer to protect corporate property. See generally Enchanted Valley RV Park Resort v. Weese, 241 Ga. App. 415, 423 (5) (526 SE2d 124) (1999) (“ ‘ “Directors and officers in the management and use of corporate property in which they act as fiduciaries and are trustees are charged with serving the interests of the corporation. . . .” ’ [Cits.]”). And he disclaims any personal interest in the property that might supersede this fiduciary obligation. Therefore, although the corporation was not served with papers relating to the foreclosure, Martin was served, and his knowledge of the proceedings must be imputed to the corporation.
We find it disingenuous for Martin to claim that he appeared solely in his individual capacity at a hearing relating to property in which he claims no individual ownership, and as to which his professional corporation is now asserting ownership. He could not simply ignore his duty as a corporate officer and represent only himself in proceedings relating to the corporation’s property.
Both Wallace and the tax commissioner contend the trial court properly found that the corporation was estopped under ÓCGA § 51-6-4 because Martin, as agent for the corporation, was aware that the tax commissioner placed title in him in 1987, received notice of all subsequent proceedings and title changes, and attended the 1999 hearings, all without asserting any title on behalf of the corporation. Under OCGA § 51-6-4, “[o]ne who silently stands by and permits another to purchase his property, without disclosing his title, is guilty of such a fraud as estops him from subsequently setting up such title against the purchaser.”
But the corporation asserts that there should be no estoppel because all the parties had equal knowledge of the true title or had a convenient means for acquiring that knowledge from the county records. It asserts that the warranty deed of record lists the corporation as the owner of the property, and that it should not be charged with the tax commissioner’s error in conveying the property back to him in his individual capacity. The corporation relies upon another Georgia statute providing that where the title to real estate is in dispute, a party who has independent knowledge of the true title may not rely upon estoppel:
(a) Where an estoppel relates to the title to real estate, the party claiming to have been influenced by the other party’s acts or declarations must not only have been ignorant of the *352 true title, but also ignorant of any convenient means of acquiring such knowledge, (b) Where- both parties have equal knowledge or equal means of obtaining the truth, there shall be no estoppel.
OCGA § 24-4-25.
In construing these two Code subsections together, our Supreme Court has found that a prior recorded deed does not necessarily constitute a “ ‘convenient means of acquiring knowledge’ ” of title under OCGA § 24-4-25. Anderson v. Manning, 221 Ga. 421, 424 (144 SE2d 772) (1965). In the Anderson case, a husband conveyed title in certain property to his wife, but later conveyed the same property to his employer in exchange for money to avoid foreclosure and without disclosing the prior deed. The wife, who was present for all aspects of the transaction, also failed to inform the employer of her title to the property. The Supreme Court found that under the circumstances, the wife could be estopped from asserting her title as against the employer, even though the deed conveying the property to the wife was of record. The court held that the constructive notice of the title provided by the recorded deed may not be enough to prevent estop-pel:
The fact that the deed under which the wife claimed title may have been based upon a valuable consideration and duly recorded would not necessarily prevent the purchaser in such case from relying upon the principle of estoppel, if he was in fact ignorant of the true title. The principle stated in [OCGA § 51-6-4] does not depend for its operation upon the existence or absence of mere constructive notice, nor will such record necessarily constitute “convenient means of acquiring such knowledge,” within the meaning of [OCGA § 24-4-25].
(Punctuation omitted; emphasis supplied.) Id., quoting Roop Grocery Co. v. Gentry, 195 Ga. 736, 746 (25 SE2d 705) (1943). See also Press-ley v. Maxwell, 242 Ga. 360 (249 SE2d 49) (1978).
Nevertheless, even though a recorded deed does not necessarily preclude estoppel, a party must still be ignorant of the true title in order to claim the benefit of estoppel and must have acted in reliance upon the other party’s silence. See Stonecipher v. Kear, 131 Ga. 688 (63 SE 215) (1908); Carmichael v. Texas Co., 52 Ga. App. 751 (184 SE 397) (1936).
In order to raise an estoppel by conduct or matters in pais, one of the elements essential to such estoppel is, the party to whom the representation or concealment is made must have *353 been ignorant, actually and permissibly, of the truth of the matter. If he knew or under all the circumstances ought to have known the facts, the representation, silence, or concealment is wholly unavailing.
Decided November 13, 2002.
Constance L. Thomas, for appellant.
(Citation and punctuation omitted.) Bennett v. Davis, 201 Ga. 58, 64 (39 SE2d 3). (1946).
And in this case, there has been no finding that either the Chat-ham County Tax Commissioner or Wallace was unaware of the true title or that either relied in any way upon Martin’s actions, silence, or inactions in that regard. In fact, the trial court apparently based its finding of estoppel only upon the court’s own reliance upon Martin’s. actions, noting that “it was this Court itself that relied upon Mr. Martin’s active response to the Court’s questioning on whether there was any reason the tax sale should not proceed.” But the trial court’s reliance is not at issue in a case of estoppel under OCGA §§ 51-6-4 and 24-4-25. Rather, the issué is whether the one who purchased (or otherwise acquired title to) the property was unaware of the true nature of the title and whether that person relied upon the silence of the true title owner. See generally Hollifield v. Monte Vista Biblical Gardens, 251 Ga. App. 124, 126 (1) (a) (553 SE2d 662) (2001) (“The party asserting the benefit of estoppel must have acted in good faith and in the exercise of reasonable diligence.”).
The record before us is silent as to whether the parties claiming the benefit of estoppel were aware of the true nature of the title in this case and whether they relied upon Martin’s silence over the years. Neither the parties’ briefing before the trial court nor their briefing before this Court directly addresses this issue, and Martin points out that neither the tax commissioner nor Wallace has claimed such reliance. Nevertheless, because the actions of the tax commissioner and Wallace raise a question as to whether they were unaware of the true title, we must remand this case once again for a determination as to whether the pertinent parties are entitled to claim the benefit of estoppel. Should the trial court determine that estoppel is not appropriate, however, it must then address the remaining issues identified in our prior opinion..

Judgment reversed and case remanded with direction.

Ruffin, P. J., and Barnes, J., concur.

Inglesby, Falligant, Horne, Courington & Chisholm, Elsie R. Chisholm, R. Jonathan Hart, Emily E. Garrard, for appellees.

 No transcript exists of this exchange, and Martin states that he understood the court to be asking him if he owned any interest in the property, which individually he did not.