A08A0720. MIZE v. WOODALL et al.

(662 SE2d 178)

JOHNSON, Presiding Judge.

Pierce E. Mize, as administrator of the estate of James Kenneth Woodall, Sr., filed a complaint for declaratory judgment alleging that a certain promissory note and deed to secure debt are property of the estate and demanding that James Kenneth Woodall, Jr., and Veronica Woodall (hereinafter "Woodall") pay the balance due on the note. Woodall answered that the terms of the promissory note and deed to secure debt provided that any balance still due at the time of James Kenneth Woodall, Sr.'s death was to be forgiven. The trial court

---

agreed with Woodall, granting Woodall's motion for judgment on the pleadings and denying Mize's motion for judgment on the pleadings. Mize appeals. We find no error and affirm the trial court's order. We note that the record contains evidence which the trial court relied upon in rendering his decision. Therefore, it is clear that the motions for judgment on the pleadings were actually converted into motions for summary judgment, and we treat them as such.[1]

The record shows the following: On April 19, 2004, James Kenneth Woodall, Sr., executed and delivered to James Kenneth Woodall, Jr., and Veronica Woodall approximately 57 acres by virtue of a Warranty Deed Joint Tenancy with Right of Survivorship. The deed contains the following language and reservation: "Grantor herein, James Kenneth Woodall, Sr., hereby retains a life estate in the above described tracts of land for his life with remainder to the Grantees herein, James Kenneth Woodall, Jr. and Veronica Woodall."

Simultaneously with the execution of the warranty deed, Woodall executed and delivered to James Kenneth Woodall, Sr., a promissory note and Deed to Secure Debt with Power of Sale. Regarding payment terms, the promissory note states, in relevant part, that Woodall would pay:

> 211 equal monthly installments of $402.91 each, the first (1st) such installment being due and payable on May 20, 2004, and the 20th of each month thereafter for a period of twenty (20) years with the final (212th) installment in the approximate amount of $404.27 being due and payable on December 20, 2021 or upon the death of James Kenneth Woodall, Sr., at which time the balance remaining due and owing shall be forgiven without further payment.

The relevant portion of the security deed regarding payment terms states as follows:

> The payment of principal, interest, . . . evidenced by a promissory note, or notes of even date herewith, the terms of which are hereby incorporated in this instrument by reference, executed by the Grantor payable to the order of the Grantee in full, if not paid earlier, on December 20, 2021 or upon the death of James Kenneth Woodall, Sr., whichever shall occur first.

James Kenneth Woodall, Sr., died on May 14, 2005.

---

[1] See *Johnson v. Allstate Ins. Co.*, 241 Ga. 234, 235 (1) (244 SE2d 851) (1978); *Hague v. Kennedy*, 205 Ga. App. 586, 588 (423 SE2d 283) (1992).

1. Mize contends the trial court erred in granting Woodall's motion for judgment on the pleadings and erred in denying his motion for judgment on the pleadings. We disagree. The clear and unequivocal language in the promissory note shows the note is to be forgiven upon the death of James Kenneth Woodall, Sr.

This Court has consistently held that if a note and security deed contain conflicting provisions, then the note will govern as the principal obligation.[2] Here, the security deed specifically indicates that the terms of the note are incorporated in the security deed. In addition, despite the fact that the security deed does not contain language forgiving the debt upon the death of James Kenneth Woodall, Sr., the clear and express language in the promissory note indicates that the debt would be forgiven upon the grantor's death. This note governs as the principal obligation. When James Kenneth Woodall, Sr., died, the debt was forgiven and there was no longer an indebtedness or obligation to be secured by the security deed. The trial court did not err in finding that the indebtedness was forgiven upon the death of James Kenneth Woodall, Sr., and in granting Woodall's motion for judgment on the pleadings.

Mize attempts to circumvent the language in the promissory note by arguing that the conveyance at issue is a failed attempt by James Kenneth Woodall, Sr., to give a gift contingent upon his death. Mize cites cases discussing a gift causa mortis and argues that the gift in the present case does not meet the requirements of a gift causa mortis. We first note that the trial court did not discuss this doctrine in its ruling and both parties agree that the conveyance at issue does not meet the requirements of a gift causa mortis.

To constitute a valid gift in contemplation of death, the following criteria must be met: (1) the object of the gift must be personal property, (2) the donor must be in his last illness or in peril of death, (3) the gift must be intended to be absolute only in the event of death, (4) the gift must be perfected by either actual or symbolic delivery, and (5) the gift must be proved by one or more witnesses.[3] The record is devoid of any evidence showing that the conveyance at issue constitutes a gift causa mortis, and Woodall correctly argues that the doctrine is not applicable.

Although the promissory note referenced a contingent event which might occur prior to payment in full, the rights, duties and obligations of each party irrevocably vested in each party at the execution and delivery of the warranty deed transferring the vested

---

[2] See *Finlay v. Oxford Constr. Co.*, 139 Ga. App. 801, 802 (1) (230 SE2d 69) (1976); *Icard v. Harbuck*, 137 Ga. App. 570, 571 (1) (224 SE2d 532) (1976).

[3] OCGA § 44-5-100 (a).

remainder interest and at the simultaneous execution and delivery of the note and security deed securing the acquisition of the interest. Since the consideration was bargained for and paid to James Kenneth Woodall, Sr., until his death, this transaction does not constitute a gift. The promissory note and deed to secure debt make no mention of any gift, and Woodall would have been obligated to continue to pay upon the promissory note if James Kenneth Woodall, Sr., had not died. The gift causa mortis doctrine is irrelevant in the present case.

2. Mize asserts the trial court erred in directing him to execute and deliver to Woodall a cancellation in recordable form of the deed to secure debt with power of sale dated April 19, 2004. According to Mize, the trial court's ruling renders the necessity of a cancellation in the real estate records moot. We disagree.

"Mootness" has nothing to do with matters outside of the court proceeding or whether a recorded deed in the real estate records should be cancelled. The security deed at issue in this case has been recorded, and clearly there needs to be some evidence of its cancellation in the public records. Litigation resulting in a court order does not give notice to the public that the security deed has been cancelled. The law imposes a duty upon the grantee of a security deed to cancel the deed of record when the obligation is satisfied.[4] In this case, the grantor is deceased, so the estate's representative has the duty to cancel the deed of record. The trial court correctly ordered Mize to execute and deliver to Woodall a cancellation in recordable form of the deed to secure debt.

3. Woodall requests this court to sanction Mize for a frivolous appeal. According to Woodall, Mize had no reasonable basis upon which to anticipate that the appellate court would reverse the trial court's judgment, and this appeal was filed merely to delay the enforcement of the trial court's judgment. However, Mize, as the estate administrator, sought a legal resolution to the issue of whether Woodall owed money to the estate. A justiciable conflict existed based on the conflicting terms in the promissory note and the security deed. The appeal was not frivolous, and we decline to sanction Mize.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED MAY 1, 2008.

*Truett Smith*, for appellant.

---

4  OCGA §§ 44-14-3 (b); 44-14-60.

*Phelps & Campbell, Richard D. Campbell*, for appellees.