[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14506
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-02788-MHC


GEORGIA TASMAN, LLC,

Plaintiff - Appellant,

versus

NEIL EISNER,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 19, 2016)


Before WILLIAM PRYOR, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Georgia Tasman, LLC appeals the district court's grant of summary judgment in favor of Defendant Neil Eisner in Plaintiff's suit for wrongful foreclosure and for breach of contract under Georgia law.[1]  Reversible error has been shown; we vacate the judgment and remand for further proceedings.

Plaintiff is a limited liability company created to purchase and hold investment properties for two Australian investors.  In 2011, Plaintiff obtained a loan from Defendant, the proceeds of which were used to purchase two rental properties in Georgia.  In conjunction with the loan, the parties entered into a promissory note ("Note") and executed a security deed for each of the two properties ("Security Deeds").[2]

Following execution of the Note and the Security Deeds, Plaintiff began making monthly payments on the Note through a third-party property manager. Beginning in June 2013, however, Plaintiff stopped making payments.  Plaintiff made no payments on the Note between June 2013 and January 2014.

---

[1] Plaintiff raises no challenge to the district court's grant of summary judgment on its claims for loss of rental income, chilling of the foreclosure sale, and for punitive damages, attorneys' fees and statutory interest; these claims are abandoned.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

[2] For purposes of this appeal, the pertinent language contained in each security deed is identical and, thus, will be discussed collectively.

2

On 6 December 2013, Defendant's lawyer sent to Plaintiff's registered agent and to each of the property addresses,[3] notices of Plaintiff's default on the Note ("December Notices").  On 13 December 2013, Plaintiff's registered agent sent a link to electronic copies of the December Notices via email to Gregory Harper, who is Plaintiff's manager and one of Plaintiff's two owners and members.  Harper testified that he received timely the 13 December email, but failed to open the email or the link to the December Notices until sometime in January 2014, after the foreclosure sales had taken place.  The properties were sold on 7 January 2014; Harper first learned of the foreclosure sales in mid-January 2014.

Plaintiff filed this civil action asserting claims for wrongful foreclosure and for breach of contract.  Briefly stated, Plaintiff contends that Defendant breached its duty to Plaintiff by failing to provide proper notice of and an opportunity to cure the default -- as required by the Security Deeds -- before foreclosing on the properties.

The district court granted Defendant's motion for summary judgment.  The district court first concluded that a direct conflict exists between the notice requirements contained in the Note and in the Security Deeds and that, under Georgia law, the terms of the Note must prevail.  Because Defendant had complied

_____

[3] Plaintiff raises no challenge to the method of delivery of the December Notices.  Plaintiff testified expressly that the December Notices were sent correctly to the proper addresses and recipients as identified on the Note.

3

with the terms of the Note, the district court determined that Plaintiff failed to demonstrate a breach of duty.  As a result, Plaintiff's claims for wrongful foreclosure and for breach of contract failed as a matter of law.[4]

We review de novo a district court's grant of summary judgment, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party.  Holloman v. Mail-Well Corp., 443 F.3d 832, 836-37 (11th Cir. 2006). Summary judgment is appropriate where the record presents no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law. Id.

In this case, both the Note and the Security Deeds contain information about what notice is required before the debt may be accelerated following Plaintiff's default.  We agree that, to some extent, the two documents appear to contain conflicting language.  For purposes of this appeal, however, the only pertinent provision is the notice required before Defendant may initiate foreclosure proceedings on the property.  About this provision, no conflict exists between the Security Deeds and the Note: the Note is silent on Defendant's power of sale and

---

[4] In support of his motion for summary judgment, Defendant also argued that Plaintiff failed to establish a causal connection between Defendant's alleged defective notice and Plaintiff's alleged damages.  The district court made no ruling on this issue.  In our discretion, we also decline to rule on the issue; we will allow the district court to discuss and decide the issue first.

4

the notice required before Defendant may invoke his power of sale.[5]  Cf. MPP Inv.,

Inc. v. Cherokee Bank, 707 S.E.2d 485, 489 (Ga. 2011) (finding no conflict

between the notice provisions of a promissory note and a security deed when the

promissory note provided only for acceleration of the underlying debt and the

security deed provided only for power-of-sale authority).  Because no conflict

exists with respect to the notice requirement pertinent to this appeal, the terms of

the Security Deeds are enforceable and govern this case.[6]

Pursuant to the Security Deeds, Defendant was required to provide written

notice to Plaintiff before invoking his power of sale.  In particular, the written

notice required by the Security Deeds must inform Plaintiff (1) of the default; (2)

of the action required to cure the default; (3) of the date by which the default must

be cured (which must be at least 30 days from the date of the notice); (4) that

failure to cure timely the default may result in acceleration of the debt and

---

[5] Because we see no direct conflict between the pertinent terms of the Note and the Security Deeds, we need not address Defendant's argument about which document would prevail in the event of a conflict.  Moreover, it is not plain to us that the cases cited by Defendant -- involving conflicts about "the terms of the debt or interest, or the time for its payment" -- may be extended to conflicting language about pre-foreclosure notice requirements.  For background, see Mize v. Woodall, 662 S.E.2d 178, 180 (Ga. Ct. App. 2008); Finlay v. Oxford Constr. Co., 230 S.E.2d 69, 70 (Ga. Ct. App. 1976).

[6] In addition, that a person seeking to invoke a power of sale -- a power provided for exclusively by a security deed -- must also comply with the procedure set forth in the security deed for exercising that power seems at least debatably correct.  Cf. MPP Inv., Inc., 707 S.E.2d at 489 (reasoning that, where the promissory note and the security deed provided for different rights, a person seeking to exercise his right to initiate a non-judicial foreclosure sale pursuant to the power of sale provided for in the security deed must also comply with the security deed's notice requirements).

foreclosure; and (5) of Plaintiff's rights to reinstate the loan after acceleration and to bring a court action.  If Plaintiff fails to cure the default within the time specified in the written notice, Defendant may invoke the power of sale without further demand.

That the December Notices failed to satisfy each of the specific notice requirements set forth in the Security Deeds is not disputed.  On this record, the district court erred in determining that Plaintiff failed to demonstrate a breach of duty.  We vacate the judgment and remand for further proceedings.

VACATED AND REMANDED.