**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P.J., and RAY, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**July 14, 2016**

# In the Court of Appeals of Georgia

A15A1933. LINCOLN & KATHERINE WILLIAMS IRREVOCABLE TRUST et al. v. DELIVERANCE TEMPLE CHURCH OF GOD IN CHRIST OF ATLANTA.

ANDREWS, Presiding Judge.

This appeal is from the grant of judgment on the pleadings for the plaintiff in a declaratory judgment action over the ownership of a church property.

The plaintiff/appellee, Deliverance Temple Church of God in Christ of Atlanta, commenced this action seeking a declaration that it owned the property upon which it is situated. In answering the complaint, the defendants/appellants, the Lincoln & Katherine Williams Irrevocable Trust and trustee Daryl Williams, also claimed ownership of the subject property and by counterclaim, likewise sought a declaration of its ownership and an order ejecting the appellee from the property.

The appellee's pleadings set forth the following. In May 1997, the Greater Life Pentecostal Church, Inc. and its trustee executed a warranty deed for the property to Calvin Darden, Patricia Darden, and Lincoln Williams, Sr., as co-trustees of the Deliverance Temple Church of God in Christ, Inc., a New York Corporation, as joint tenants with a right of survivorship. On February 13, 1998, the Dardens and Williams as co-trustees executed a deed to secure debt on the property. After the appellee church was established, the Rev. Lincoln Williams, Sr., and his son, Daryl Williams, served as co-pastors and conducted the church's ministry on the subject property.

Subsequently, Daryl Williams left the church to form his own, and Roney Hall took his place as co-pastor. Hall became full pastor in 2008 when the Rev. Lincoln Williams became unable to serve due to illness. On May 5, 2011, Calvin Darden, Patricia Darden, and Lincoln Williams, Sr., as individuals, executed a quitclaim deed for the property to the Lincoln & Katherine Williams Irrevocable Trust. Shortly afterwards, Daryl Williams, as trustee of that irrevocable trust, demanded the appellee church to vacate the premises. Two separate dispossessory proceedings brought by Daryl Williams and the irrevocable trust were eventually filed, but both were ultimately dismissed.

The appellee church submitted the controversy over the property ownership to the Church of God in Christ, Inc., Judicial Review Committee/Ecclesiastical Appeals Court on July 15, 2011. On November 29, 2012, that entity issued its decision explaining that the national church organization required warranty deeds for property purchased on behalf of a member church to include a trust clause stating the property was held in trust for the benefit of the member church. The 1997 deed in the instant case did not comply, and so the ecclesiastical appeals court ordered the appellee to amend the warranty deed to add such a trust clause. The appeals court also noted that the appellee church was not associated with the Deliverance Temple Church of God in Christ, Inc, a New York Corporation, and that the appellants failed to respond to its requests for documentation to support their claim for the property.

In answering the complaint, the appellants admitted the 1997 warranty deed identified the Dardens and the Rev. Lincoln Williams, Sr. as co-trustees of the Deliverance Temple Church of God in Christ, Inc., a New York Corporation, but otherwise denied all other substantive allegations.

On September 30, 2014, the trial court granted the appellee church's motion for judgment on the pleadings; declared the May 2011 quitclaim deed null and void; and ordered the appellee to file a corrective deed showing itself as the proper owner.

3

Finding the appellants failed to defend the action throughout the course of the litigation and thereby caused the appellee unnecessary expense and trouble, the trial court also awarded the appellee $5000 attorney fees. This appeal followed.[1]

1. The appellants contend the trial court erred in granting judgment on the pleadings for the appellee, because the pleadings did not completely fail to state a defense, or a cause of action in the counterclaim. We agree.

"[T]he granting of a motion for judgment on the pleadings under OCGA § 9-11-12 (c) is proper only where there is a complete failure to state a cause of action or defense." (Citation and punctuation omitted.) *Holland Ins. Group, LLC v. Senior Life Ins. Co.,* 329 Ga. App. 834, 836 (1) (766 SE2d 187) (2014). "For purposes of the motion, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false." (Citations omitted.) *Pressley v. Maxwell*, 242 Ga. 360 (249 SE2d 49) (1978).

---

[1] This Court originally transferred the appeal to the Supreme Court, as a case involving title to land. However, the Supreme Court transferred the case back to this Court, explaining that the case did not involve title to land because the "appellee's suit below did not seek recovery of the property from appellants' possession."

In the instant case, other than admitting the 1997 warranty deed for the property identified the Dardens and the Rev. Lincoln Williams, Sr. as co-trustees for the Deliverance Temple Church of God in Christ, Inc., a New York Corporation, the appellants denied all other material allegations set forth in the complaint. The appellee argues that admission totally defeats the claim of ownership asserted by the Lincoln & Katherine Williams Irrevocable Trust and Daryl Williams as trustee. However, the admission doesn't completely establish the appellee as owner either. The decision of the ecclesiastical appeals court, relied upon by the appellee itself, concluded the appellee Deliverance Temple Church of God in Christ of Atlanta was not associated with the Deliverance Temple Church of God in Christ, Inc., a New York Corporation, which was the grantee on the 1997 warranty deed. In short, neither the appellee nor the appellants have pleaded an unassailable claim of ownership. Accordingly, applying the principle stated in *Pressley v. Maxwell*, supra, it does not appear the instant case was a proper one for judgment on the pleadings.

2. In light of our reversal of the judgment on the pleadings, the attorney fees award under OCGA § 13-6-11 must be vacated. See *Scarborough v. Hunter*, 293 Ga. 431, 439 (3) (746 SE2d 119) (2013).

*Judgment reversed. Doyle, C. J., and Ray, J., concur.*

5